■ MIKE DeCASTRO et al., Appellants, v SYED BHOKARI et al., Respondents. [607 NYS2d 348] —Order, Supreme Court, Queens County (Joseph Lane, J.), entered on or about November 19, 1991, which denied plaintiffs' motion for removal of summary proceedings pending in Civil Court and consolidation thereof with the instant action for injunctive relief in Supreme Court, and a preliminary injunction, and granted the motion of defendant directors and officers and that of a former director and officer to dismiss the complaint against them, unanimously modified, on the law, the facts, and in the exercise of discretion, to grant removal and consolidation, and the preliminary injunction to the extent indicated, and otherwise affirmed, without costs.

The summary proceeding and the plenary action involve common questions of law and fact, including whether the cooperative board brought holdover proceedings for improper retaliatory motives. Resolution of the action in Supreme Court

would necessarily resolve the issues in the holdover proceeding, and the two should be consolidated in the interest of judicial economy. Moreover, the injunctive relief sought in Supreme Court is unavailable in the summary proceeding *(see, Hotel New Yorker Pharmacy v New Yorker Hotel Corp.,* 40 AD2d 967).

Plaintiffs' request to restrain defendants from serving notices to cure or terminate "regarding any tenancy whatsoever of any plaintiff" is far too broad; the request to restrain defendants from collecting monies from the mortgage lenders involves money only, and, with regard to most of the other requests for injunctive relief, either likelihood of success on the merits or irreparable harm is lacking.

However, the IAS Court improperly exercised its discretion in denying a portion of the injunctive relief. Irreparable harm would ensue if the cooperative were not restrained from cancelling plaintiffs' shares or issuing negative information with respect to the rent strike participants to credit reporting agencies. So, too, as to the injunction sought against the alleged harassment, as well as the nuisance resulting from the noise emanating from the Martinez/Moschetto apartment.

The complaint was properly dismissed as against the individual directors and officers and the one former officer and director. While unequal treatment of shareholders is sufficient to overcome the directors' insulation from liability under the business judgment rule *(see, Ackerman v 305 E. 40th Owners Corp.,* 189 AD2d 665, 667), individual directors and officers may not be subject to liability absent the allegation that they committed separate tortious acts *(see, Murtha v Yonkers Child Care Assn.,* 45 NY2d 913, 915; *cf., Bank of N. Y. v Berisford Intl.,* 190 AD2d 622). Here, no such conduct was ascribed to any of the director and officer defendants, and leave to replead was properly denied absent a showing by plaintiffs of good ground to believe otherwise. Concur—Carro, J. P., Wallach, Ross, Rubin and Williams, JJ.