■ EVELYN KONRAD, Appellant, v 136 EAST 64TH STREET CORPORATION et al., Respondents. [618 NYS2d 632] —Order, Supreme Court, New York County (Peter Tom, J.), entered December 28, 1993, which granted defendants' motion for a protective order by vacating plaintiff's notice for discovery and inspection with leave to serve a proper notice, unanimously affirmed, without costs.

We agree with the IAS Court that the challenged notice is unduly burdensome and should be vacated. While the recent amendment to CPLR 3120 eliminating the requirement that documents be designated "specifically" is applicable to our review of this matter (see, Pataki v Kiseda, 80 AD2d 100, 102), "a vast categorical demand for documents" may constitute a "new kind of abuse of the discovery device" (Siegel, 1993 Supp Practice Commentary, McKinney's Cons Laws of NY, Book 7B CPLR C3120:4, 1994 Pocket Part, at 48). Even in Federal practice, where categorical demands are expressly permitted (Fed Rules Civ Pro, rule 34 [b]), the demands must be relevant, describe documents with "reasonable particularity", not impose an undue burden and not represent a "fishing expedition" (see, e.g., Amcast Indus. Corp. v Detrex Corp., 138 FRD 115, 121). Concur—Rosenberger, J. P., Kupferman, Asch and Wallach, JJ.