■ EVELYN KONRAD, Respondent, v 136 EAST 64TH STREET CORPORATION et al., Appellants. [667 NYS2d 354] —Order, Supreme Court, New York County (Elliott Wilk, J.), entered October 2, 1996, which granted plaintiff's cross-motion seeking leave to amend the complaint to add a ninth cause of action for breach of fiduciary duty against the individual board members of defendant 136 East 64th Street Corporation, unanimously reversed, on the law and the facts and in the exercise of discretion, with costs, and the cross-motion denied.

Defendant is a cooperative corporation in which plaintiff is a shareholder and tenant of Penthouse C pursuant to a proprietary lease. This action was commenced in December 1991 and seeks compensatory and punitive damages of several million dollars for physical damage to plaintiff's dwelling unit and for emotional distress. In August 1992, plaintiff commenced a derivative action on behalf of herself and all other similarly situated shareholders alleging that the individual directors breached their fiduciary duties by failing to make adequate repairs, engaging in mismanagement and making misrepresentations concerning the physical condition of the premises and the amount of funds expended for maintenance and repair. The derivative action, which is still pending, has been the subject of an appeal before this Court (*Konrad v 136 E. 64th St. Corp.*, 209 AD2d 228). In 1994, the complaint in the instant action was amended to add the eighth cause of action, alleging that

employees of defendant cooperative corporation broke into plaintiff's apartment. In October 1996, by the order subject to appeal, plaintiff was granted leave to serve a second amended complaint to add a ninth cause of action against the individual directors alleging that their disparate treatment of plaintiff constitutes a breach of their fiduciary duty to her.

Leave to amend a pleading is freely granted (CPLR 3025 [b]). However, concern for the conservation of judicial resources warrants examination of the merit underlying a proposed cause of action (*East Asiatic Co. v Corash*, 34 AD2d 432, 434; *see also, Mayers v D'Agostino*, 58 NY2d 696, 698). Where no cause of action is stated, leave to amend will be denied (*Crimmins Contr. Co. v City of New York*, 74 NY2d 166; *Daniels v Empire-Orr, Inc.*, 151 AD2d 370, 371).

The proposed amendment to the complaint does considerably more than assert an additional cause of action. It asserts novel claims, not merely novel theories, against persons sought to be named as additional parties to the action (*Bank of N. Y. v Irwin Intl. Imports*, 197 AD2d 462; *Napoli v Canada Dry Bottling Co.*, 166 AD2d 696). Defendants have made the requisite assertion of prejudice resulting from the need to prepare a defense on behalf of the additional parties (*Napoli v Canada Dry Bottling Co., supra*; *cf., Detrinca v De Fillippo*, 165 AD2d 505, 510), and plaintiff has offered no excuse for her delay in bringing the motion to amend the pleadings (*Caruso v Anpro, Ltd.*, 215 AD2d 713, 714). Finally, plaintiff has failed to assert that the facts underlying the proposed new cause of action were either unknown to her or undiscoverable at the time the original complaint was served (*supra*; *Bonanni v Straight Arrow Publs.*, 133 AD2d 585, 587; *Balport Constr. Co. v New York Tel. Co.*, 134 AD2d 309, 312).

The duty owed by a director is that of a fiduciary to a corporation and to its shareholders, collectively, and the courts are generally prohibited by the business judgment rule from inquiring into the propriety of actions taken by the directors on its behalf (*Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530, 537-538 [CPLR article 78 proceeding]). A review of the allegations contained in the proposed ninth cause of action reveals that the misconduct alleged was occasioned by the board of directors acting in its corporate capacity or by board members acting within the scope of their corporate duties (*Bonanni v Straight Arrow Publs., supra*, at 586). However, in support of her proposed amendment to the complaint, plaintiff contends, *inter alia*, that she was subjected to disparate treatment by the members of the board (*Bryan v West 81 St. Own-*

·*ers Corp.*, 186 AD2d 514, 515). In *DeCastro v Bhokari* (201 AD2d 382, 383) this Court stated: "While unequal treatment of shareholders is sufficient to overcome the directors' insulation from liability under the business judgment rule (*see, Ackerman v 305 E. 40th Owners Corp.*, 189 AD2d 665, 667), individual directors and officers may not be subject to liability absent the allegation that they committed separate tortious acts (*see, Murtha v Yonkers Child Care Assn.*, 45 NY2d 913, 915; *cf., Bank of N. Y. v Berisford Intl.*, 190 AD2d 622)". That the cooperative corporation's board of directors may have taken action that "deliberately singles out individuals for harmful treatment" (*Matter of Levandusky v One Fifth Ave. Apt. Corp., supra*, at 540) does not, ipso facto, expose the individual board members to liability. The proposed cause of action ascribes no independent tortious conduct to any individual director, and plaintiff's proposed ninth cause of action is therefore deficient as a matter of law. Accordingly, we conclude that Supreme Court improvidently exercised its discretion in granting plaintiff leave to amend the complaint.

In addition, certain acts asserted on appeal to provide a basis for plaintiff's conclusory allegations of separate tortious conduct are time-barred. Supreme Court incorrectly applied a six-year Statute of Limitations to these acts, reasoning that "the genesis of the claim is a contractual relationship" (citing *Butler v Gibbons*, 173 AD2d 352 [failure to account]). However, we note that *Butler v Gibbons* limits application of the six-year period to claims sounding in contract or quasi-contract (*see, Baratta v Kozlowski*, 94 AD2d 454, 463-464 [bailment contract]). Concur—Milonas, J. P., Rubin, Mazzarelli and Andrias, JJ.