■ RICHARD SCHNEIDER, Respondent-Appellant, v GEORGE F. HAND, JR., Appellant-Respondent. [744 NYS2d 899] —In an action, inter alia, to recover damages for legal malpractice, the defendant appeals from so much of an order of the Supreme Court, Nassau County (Martin, J.), entered June 11, 2001, as denied those branches of his motion which were pursuant to CPLR 3211 (a) (7) to dismiss the first and second causes of action for failure to state a cause of action, and the plaintiff cross-appeals from so much of the same order as granted that branch of the defendant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the third cause of action for failure to state a cause of action and denied his cross motion to impose sanctions against the defendant and his attorney.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The Supreme Court properly denied those branches of the defendant's motion which were pursuant to CPLR 3211 (a) (7) to dismiss the plaintiff's first and second causes of action for failure to state a cause of action. On a motion to dismiss pursuant to CPLR 3211 (a) (7), the court must determine, accepting as true the factual averments of the complaint and according the plaintiff the benefit of all favorable inferences, whether the plaintiff can succeed upon any reasonable view of the facts as stated (*see Board of Educ. v County of Westchester*, 282 AD2d 561). Construing the allegations of the complaint and the plaintiff's affidavit submitted in opposition to the motion, and affording him every favorable inference, the plaintiff has alleged sufficient material facts to give rise to cognizable causes of action to recover damages for breach of contract and legal malpractice (*see Kramer v Belfi*, 106 AD2d 615).

The Supreme Court properly dismissed the third cause of action to recover damages for negligent misrepresentation. The plaintiff failed to allege with specificity how the defendant's alleged tax advice was erroneous (*see* CPLR 3016 [b]; *Tarzia v Brookhaven Natl. Lab.*, 247 AD2d 605) or that he suffered actual economic injury as a result of the purported misrepresentation.

Finally, the Supreme Court providently exercised its discretion in denying the plaintiff's cross motion to impose sanctions against the defendant and his attorney. The record does not support the plaintiff's contention that the defendant engaged in frivolous conduct by moving to dismiss the complaint (*see* 22 NYCRR 130-1.1 [a]). Florio, J.P., O'Brien, Krausman and Schmidt, JJ., concur.