■ B.J. Hoppe, Respondent, v Board of Directors of the 51-78 Owners Corp. et al., Appellants. [854 NYS2d 689]—

The court improperly granted plaintiff's motion to amend the complaint in this dispute between plaintiff shareholder and defendants cooperative corporation and its board of directors in connection with defendants' denial of plaintiff's proposed alterations to her two units. Although leave to amend a pleading is freely granted (CPLR 3025 [b]), such leave should "not be granted upon mere request, without appropriate substantiation" (*Brennan v City of New York*, 99 AD2d 445, 446 [1984]). Here, the proposed amended complaint seeks to include a breach of fiduciary duty claim against various past and present members of defendant board, yet ascribes no independent tortious conduct to any individual director (*see Messner v 112 E. 83rd St. Tenants Corp.*, 42 AD3d 356, 357 [2007], *lv dismissed* 9 NY3d 976 [2007]; *DeCastro v Bhokari*, 201 AD2d 382, 383 [1994]). Insofar as plaintiff alleges that one of the board members endeavored to coerce a settlement of the instant action, a review of the allegations contained in the proposed amended complaint reveals that the misconduct alleged was occasioned by the board acting in its corporate capacity, or by the board member acting within the scope of his corporate duties (*see Konrad v 136 E. 64th St. Corp.*, 246 AD2d 324, 325-326 [1998]). Concur—Mazzarelli, J.P., Saxe, Buckley and Catterson, JJ.