■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CESAR LAMB, Appellant. [855 NYS2d 409]—Judgment, Supreme Court, Bronx County (Albert Lorenzo, J.), rendered on or about August 7, 2006, unanimously affirmed. No opinion. Order filed. Concur—Gonzalez, J.P., Nardelli, Buckley and Catterson, JJ.

■ 16 EAST 96TH APARTMENT CORP., Plaintiff, v LARS NEUBOHN et al., Defendants and Counterclaim Plaintiffs-Appellants. KENNETH WILLIG et al., Additional Counterclaim Defendants-Respondents. [854 NYS2d 312]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered August 15, 2006, which, to the extent appealed from, granted plaintiff's motion to dismiss defendants' first counterclaim, and granted the counterclaim defendants' motion to dismiss the second counterclaim, unanimously affirmed, with costs.

The first counterclaim alleged that plaintiff's individual directors breached their fiduciary duties by singling defendants out for disparate treatment. The second counterclaim alleged that Rosette Willig assisted the individual directors in breaching their fiduciary duties.

"Individual directors" may not be subject to liability without allegations of separate tortious acts (*DeCastro v Bhokari*, 201 AD2d 382 [1994]; *see also Konrad v 136 E. 64th St. Corp.*, 246 AD2d 324 [1998]). The proposed cause of action in the first counterclaim ascribes no independent tortious conduct to any individual director, and is thus deficient as a matter of law. Since defendants have failed to state a claim sufficiently for breach of fiduciary duty against the individual directors, their claim against Rosette Willig also fails.

We have considered appellants' remaining arguments and find them unavailing. Concur—Gonzalez, J.P., Nardelli, Buckley and Catterson, JJ.