◼ Joe Hill et al., Appellants, v Michael Murphy et al., Respondents. [881 NYS2d 133]—

In an action, inter alia, to recover damages for breach of fiduciary duty, the plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Phelan, J.), entered July 17, 2007, as granted the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (7), and (2) from so much of an order of the same court entered October 23, 2007, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order entered July 17, 2007 is dismissed, as that order was superseded by the order entered October 23, 2007, made upon reargument; and it is further,

Ordered that the order entered October 23, 2007 is modified, on the law, by deleting the provision thereof, upon reargument, adhering to so much of the original determination in the order entered July 17, 2007, as granted that branch of the defendants' motion which was to dismiss the eighth cause of action pursuant to CPLR 3211 (a) (7), and substituting therefor a provision, upon reargument, vacating so much of the order entered July 17, 2007, as granted that branch of the motion, and thereupon denying that branch of the motion; as so modified, the order entered October 23, 2007 is affirmed insofar as appealed from; and it is further,

Ordered one bill of costs is awarded to the defendants.

The plaintiffs are shareholder tenants in a residential cooperative corporation and the defendants are individual members of the cooperative's Board of Directors (hereinafter the Board). The plaintiffs commenced this action against the defendants in their individual capacities, alleging, primarily, that the Board had made several determinations which singled them out for harmful treatment. The Supreme Court granted the defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) and, in an order made upon reargument, adhered to its original determination. We modify the order made upon reargument to reinstate the eighth cause of action.

The Supreme Court properly granted those branches of the defendants' motion which were to dismiss the first seven causes of action for failure to state a cause of action. "On a motion to dismiss pursuant to CPLR 3211 (a) (7), the court must determine, accepting as true the factual averments of the complaint and according the plaintiff the benefit of all favorable inferences, whether the plaintiff can succeed upon any reasonable view of the facts as stated" (*Schneider v Hand,* 296 AD2d 454 [2002]). The first seven causes of action were based upon allegations that the defendants had allowed a nonparty Board member to dominate and control the Board, and that such domination and control resulted in Board actions which harmed the plaintiffs and treated them differently from other shareholders in the cooperative. Although unequal treatment of shareholders is sufficient to overcome the directors' insulation from liability under the business judgment rule, individual directors and officers may not be subject to liability absent the allegation that they committed separate tortious acts (*see Konrad v 136 E. 64th St. Corp.,* 246 AD2d 324, 325-326 [1998]; *DeCastro v Bhokari,* 201 AD2d 382, 383 [1994]). Here, because the first seven causes of action are devoid of allegations that any of the defendants acted tortiously other than in their capacity as Board members, the Supreme Court properly concluded that those causes of action should be dismissed pursuant to CPLR 3211 (a) (7) (*see Meadow Lane Equities Corp. v Hill,* 63 AD3d 699 [2009] [decided herewith]; *Pelton v 77 Park Ave. Condominium,* 38 AD3d 1, 9-10 [2006]; *Brasseur v Speranza,* 21 AD3d 297, 298 [2005]; *Konrad v 136 E. 64th St. Corp.,* 246 AD2d at 326; *DeCastro v Bhokari,* 201 AD2d at 383).

However, the Supreme Court should have denied that branch of the defendants' motion which was to dismiss the eighth cause of action to recover damages for trespass pursuant to CPLR 3211 (a) (7) (*see Meadow Lane Equities Corp. v Hill,* 63 AD3d

699 [2009] [decided herewith]). Accepting the allegations set forth under that cause of action as true, and affording the plaintiffs the benefit of every favorable inference (*see Schneider v Hand,* 296 AD2d at 454), the plaintiffs adequately pleaded a cause of action to recover damages for trespass (*see Curwin v Verizon Communications [LEC],* 35 AD3d 645 [2006]; *Kaplan v Incorporated Vil. of Lynbrook,* 12 AD3d 410, 412 [2004]; *Zimmerman v Carmack,* 292 AD2d 601, 602 [2002]).

The plaintiffs' remaining contentions are without merit. Spolzino, J.P., Santucci, Florio and Balkin, JJ., concur.