■ MEADOW LANE EQUITIES CORP., Plaintiff, v JOEY HILL et al., Defendants and Third-Party Plaintiffs-Appellants. RACHEL M. HARARI, Third-Party Defendant-Respondent. [880 NYS2d 338]—

In an action, inter alia, for a permanent injunction, the defendants third-party plaintiffs appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Phelan, J.), entered July 17, 2007, as granted the motion of the third-party defendant to dismiss the third-party complaint pursuant to CPLR 3211 (a) (7), and (2) from so much of an order of the same court entered October 23, 2007, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order entered July 17, 2007 is dismissed, as that order was superseded by the order entered October 23, 2007, made upon reargument; and it is further,

Ordered that the order entered October 23, 2007 is modified, on the law, by deleting the provision thereof, upon reargument, adhering to so much of the original determination in the order entered July 17, 2007, as granted that branch of the motion of the third-party defendant which was to dismiss the ninth cause of action in the third-party complaint pursuant to CPLR 3211 (a) (7), and substituting therefor a provision, upon reargument, vacating so much of the order entered July 17, 2007, as granted that branch of the motion, and thereupon denying that branch of the motion; as so modified, the order entered October 23, 2007 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The defendants third-party plaintiffs Joey Hill and Linda Hill, formerly known as Linda Cohen (hereinafter the Hills), are shareholders of the plaintiff Meadow Lane Equities Corp. (hereinafter Meadow), a residential cooperative corporation. In January 2007, after the Hills allegedly made unauthorized

alterations to their dwelling unit, Meadow commenced an action against them seeking, inter alia, a permanent injunction. In March 2007 the Hills commenced a third-party action against the third-party defendant Rachel M. Harari, the president of Meadow's board of directors (hereinafter the Board), seeking to impose liability upon Harari in her individual capacity. In an order entered July 17, 2007 the Supreme Court, among other things, granted Harari's motion to dismiss the third-party complaint pursuant to CPLR 3211 (a) (7) and, in an order entered October 23, 2007, made upon reargument, the Supreme Court adhered to its original determination. We modify.

The Supreme Court properly granted those branches of Harari's motion which were to dismiss the first eight causes of action in the third-party complaint for failure to state a cause of action. "On a motion to dismiss pursuant to CPLR 3211 (a) (7), the court must determine, accepting as true the factual averments of the complaint and according the plaintiff the benefit of all favorable inferences, whether the plaintiff can succeed upon any reasonable view of the facts as stated" (*Schneider v Hand*, 296 AD2d 454 [2002]). In their first eight causes of action, the Hills alleged that the Board breached its fiduciary duty and Meadow's contractual obligations to them through various forms of mistreatment, including unequal treatment in comparison to other shareholders, and that the Board's actions were a result of Harari's domination and control of the Board. Although unequal treatment of shareholders is sufficient to overcome the directors' insulation from liability under the business judgment rule, individual directors and officers may not be subject to liability absent the allegation that they committed separate tortious acts (*see Konrad v 136 E. 64th St. Corp.*, 246 AD2d 324, 325-326 [1998]; *DeCastro v Bhokari*, 201 AD2d 382, 383 [1994]). Here, because the Hills failed to plead, in the first eight causes of action in the third-party complaint, that Harari acted tortiously other than in her capacity as a member of the Board, the Supreme Court properly concluded that those causes of action should be dismissed pursuant to CPLR 3211 (a) (7) (*see Pelton v 77 Park Ave. Condominium*, 38 AD3d 1, 9-10 [2006]; *Brasseur v Speranza*, 21 AD3d 297, 298 [2005]; *Konrad v 136 E. 64th St. Corp.*, 246 AD2d at 326; *DeCastro v Bhokari*, 201 AD2d at 383).

However, the Supreme Court should not have dismissed the ninth cause of action in the third-party complaint pursuant to CPLR 3211 (a) (7). In their ninth cause of action, the Hills seek to recover damages for trespass based upon allegations that Harari entered their dwelling unit on a certain date, without their permission or invitation, and took photographs. Accepting

these allegations as true, and affording the Hills the benefit of every favorable inference (*see Schneider v Hand*, 296 AD2d at 454), the Hills adequately pleaded a cause of action to recover damages for trespass (*see Curwin v Verizon Communications [LEC]*, 35 AD3d 645 [2006]; *Kaplan v Incorporated Vil. of Lynbrook*, 12 AD3d 410, 412 [2004]; *Zimmerman v Carmack*, 292 AD2d 601, 602 [2002]).

The Hills' remaining contentions are without merit. Spolzino, J.P., Santucci, Florio and Balkin, JJ., concur.