■ COUNTRY POINTE AT DIX HILLS HOME OWNERS ASSOCIATION, INC., Appellant-Respondent, v BEECHWOOD ORGANIZATION et al., Respondents-Appellants, and S.B.J. ASSOCIATES, LLC, et al., Respondents. [915 NYS2d 117]—

In an action, inter alia, to recover damages for breach of contract and for a judgment declaring, among other things, (a) that the membership and club access practices of a golf and country club owned by the defendant Greens Golf Club, LLC, unlawfully discriminate against owners of homes at Country Pointe at Dix Hills and are invalid to that extent, (b) that the membership and club access practices of the golf and country club violate the rights secured to those homeowners, their family members, and residents of those homes pursuant to the

governing documents of the plaintiff Country Pointe at Dix Hills Home Owners Association, Inc., the contracts between those homeowners and the sponsor of Country Pointe at Dix Hills, and New York law, (c) that the golf and country club may not be owned by the defendant Greens Golf Club, LLC, and (d) that each individual homeowner at Country Pointe at Dix Hills is entitled to opt out of and back into his or her mandatory social membership in the subject golf and country club, the plaintiff appeals (1), as limited by its notice of appeal and brief, from stated portions of an order of the Supreme Court, Suffolk County (Emerson, J.), dated September 4, 2008, which, inter alia, granted those branches of the motion of the defendants Beechwood Carmen Building Corp., Michael Dubb, Leslie A. Lerner, Carol Bosco, Richard Rosenberg, Ted Jung, and Michael Leeds pursuant to CPLR 3211 (a) (1) and (7) which were to dismiss so much of the amended verified complaint as alleged that those defendants breached the offering plan for the Country Pointe at Dix Hills development by failing to deem the children of homeowners at Country Pointe at Dix Hills to be members of the golf and country club and failing to construct a pool and clubhouse on Lot 73 at the Country Pointe at Dix Hills development, (2), as limited by its notice of appeal and brief, from so much of a second order of the same court, also dated September 4, 2008, as granted those branches of the motion of the defendants Alvin Benjamin, Benjamin Development Co., Inc., and Benjamin Millennium Group, LLC, which were for summary judgment dismissing the eighth, tenth, and eleventh causes of action insofar as asserted against those defendants, and declaring that the membership and club access practices of the golf and country club do not unlawfully discriminate against owners of homes at Country Pointe at Dix Hills and are valid, that the membership and club access practices of the golf and country club do not violate the rights secured to those home-owners, their family members, and residents of those homes pursuant to the governing documents of the plaintiff Country Pointe at Dix Hills Home Owners Association, Inc., the contracts between those homeowners and the sponsor of Country Pointe at Dix Hills, and New York law, that the golf and country club may be owned by the defendant Greens Golf Club, LLC, and that each individual homeowner at Country Pointe at Dix Hills is not entitled to opt out of and back into his or her mandatory social membership in the subject golf and country club, (3), as limited by its notice of appeal and brief, from so much of a third order of the same court, also dated September 4, 2008, as granted those branches of the motion of the defendants S.B.J. Associates, LLC, Greens at Half Hollow, LLC, Jobco Realty and

Development Co., Inc., Greens Golf Club, LLC, KJV, LLC, Steve Kaplan, Neal S. Kaplan, Lee Kaplan, and Sherry Stolzenberg, which were for summary judgment dismissing the third, fourth, fifth, sixth, eighth, tenth, eleventh, thirteenth, and fourteenth causes of action insofar as asserted against those defendants and declaring that the membership and club access practices of the golf and country club do not unlawfully discriminate against owners of homes at Country Pointe at Dix Hills and are valid, that the membership and club access practices of the golf and country club do not violate the rights secured to those homeowners, their family members, and residents of those homes pursuant to the governing documents of the plaintiff Country Pointe at Dix Hills Home Owners Association, Inc., the contracts between those homeowners and the sponsor of Country Pointe at Dix Hills, and New York law, that the golf and country club may be owned by the defendant Greens Golf Club, LLC, and that each individual homeowner at Country Pointe at Dix Hills is not entitled to opt out of and back into his or her mandatory social membership in the subject golf and country club (4), as limited by its notice of appeal and brief, from so much of an order of the same court dated August 4, 2009, as denied that branch of its motion which was for leave to renew its opposition to those branches of the motion of the defendants Alvin Benjamin, Benjamin Development Co., Inc., and Benjamin Millennium Group, LLC, which were for summary judgment dismissing the eighth, tenth, and eleventh causes of action insofar as asserted against those defendants and declaring that the membership and club access practices of the golf and country club do not unlawfully discriminate against owners of homes at Country Pointe at Dix Hills and are valid, that the membership and club access practices of the golf and country club do not violate the rights secured to those homeowners, their family members, and residents of those homes pursuant to the governing documents of the plaintiff Country Pointe at Dix Hills Home Owners Association, Inc., the contracts between those homeowners and the sponsor of Country Pointe at Dix Hills, and New York law, that the golf and country club may be owned by the defendant Greens Golf Club, LLC, and that each individual homeowner at Country Pointe at Dix Hills is not entitled to opt out of and back into his or her mandatory social membership in the subject golf and country club, (5), as limited by its notice of appeal and brief, from so much of a second order of the same court, also dated August 4, 2009, as denied that branch of its motion which was for leave to renew its opposition to those branches of the motion by the defendants S.B.J. Associates, LLC, Greens at Half Hollow, LLC, Jobco Realty and

Development Co., Inc., Greens Golf Club, LLC, KJV, LLC, Steve Kaplan, Neal S. Kaplan, Lee Kaplan, and Sherry Stolzenberg, which were for summary judgment dismissing the third, fourth, fifth, sixth, eighth, tenth, eleventh, thirteenth, and fourteenth causes of action insofar as asserted against the defendants S.B.J. Associates, LLC, Greens at Half Hollow, LLC, Greens Golf Club, LLC, and Sherry Stolzenberg, and declaring that the membership and club access practices of the golf and country club do not unlawfully discriminate against owners of homes at Country Pointe at Dix Hills and are valid, that the membership and club access practices of the golf and country club do not violate the rights secured to those homeowners, their family members, and residents of those homes pursuant to the governing documents of the plaintiff Country Pointe at Dix Hills Home Owners Association, Inc., the contracts between those homeowners and the sponsor of Country Pointe at Dix Hills, and New York law, that the golf and country club may be owned by the defendant Greens Golf Club, LLC, and that each individual homeowner at Country Pointe at Dix Hills is not entitled to opt out of and back into his or her mandatory social membership in the subject golf and country club, (6) from so much of a third order of the same court, also dated August 4, 2009, as denied its motion for leave to amend the complaint, and (7), as limited by its notice of appeal and brief, from stated portions of an order of the same court dated August 6, 2009, which, inter alia, denied that branch of its motion which was for leave to renew its opposition to those branches of the motion of the defendants Beechwood Carmen Building Corp., Michael Dubb, Leslie A. Lerner, Carol Bosco, Richard Rosenberg, Ted Jung and Michael Leeds pursuant to CPLR 3211 (a) (1) and (7) which were to dismiss so much of the amended verified complaint as alleged that those defendants breached the offering plan for the Country Pointe at Dix Hills development by failing to deem the children of homeowners at Country Pointe at Dix Hills to be members of the golf and country club and failing to construct a pool and clubhouse on Lot 73 at the Country Pointe at Dix Hills development, and, upon reargument, granted that branch of the cross motion of the defendants Beechwood Organization, Beechwood Carmen Building Corp., Michael Dubb, Leslie A. Lerner, Carol Bosco, Richard Rosenberg, Ted Jung, and Michael Leeds which was to dismiss the seventh cause of action alleging breach of fiduciary duty insofar as asserted against the defendants Beechwood Organization and Beechwood Carmen Building Corp., and the defendants Beechwood Organization, Beechwood Carmen Building Corp., Michael Dubb, Leslie A. Lerner, Carol Bosco, Richard Rosenberg, Ted Jung, and Michael Leeds cross-appeal, as limited

by their brief, from (1) so much of the first order dated September 4, 2008, as denied those branches of their motion pursuant to CPLR 3211 (a) (1) and (7) which were to dismiss the causes of action alleging fraud, negligent misrepresentation, and violation of General Business Law § 349 insofar as asserted against them and those portions of the first cause of action alleging breach of contract insofar as asserted against the defendants Beechwood Organization and Beechwood Carmen Building Corp. except for that portion alleging that the defendants Beechwood Organization and Beechwood Carmen Building Corp. failed to deed the common areas of the subject development to the plaintiff and to pay certain assessments, and, in effect, denied that branch of their motion pursuant to CPLR 3211 (a) (1) and (7) which was to dismiss the cause of action alleging breach of fiduciary duty insofar as asserted against them, and (2) stated portions of the order dated August 6, 2009, which, inter alia, denied that branch of their motion which was for leave to renew those branches of their motion which were pursuant to CPLR 3211 (a) (1) and (7) to dismiss the causes of action alleging fraud insofar as asserted against them.

Ordered that the cross appeal from so much of the first order dated September 4, 2008, as, in effect, denied that branch of the motion of the defendants Beechwood Carmen Building Corp., Michael Dubb, Leslie A. Lerner, Carol Bosco, Richard Rosenberg, Ted Jung, and Michael Leeds pursuant to CPLR 3211 (a) (1) and (7) which was to dismiss the seventh cause of action alleging breach of fiduciary duty insofar as asserted against the defendants Beechwood Organization and Beechwood Carmen Building Corp., is dismissed, as that portion of the order was superseded by the order dated August 6, 2009, made upon reargument; and it is further,

Ordered that the first order dated September 4, 2008, is affirmed insofar as appealed from by the plaintiff; and it is further,

Ordered that the first order dated September 4, 2008, is reversed insofar as reviewed on the cross appeal, on the law, those branches of the motion of the defendants Beechwood Carmen Building Corp., Michael Dubb, Leslie A. Lerner, Carol Bosco, Richard Rosenberg, Ted Jung, and Michael Leeds pursuant to CPLR 3211 (a) (1) and (7) which were to dismiss the causes of action alleging fraud, negligent misrepresentation, and violation of General Business Law § 349 insofar as asserted against them and those portions of the first cause of action alleging breach of contract insofar as asserted against the defendants Beechwood Organization and Beechwood Carmen Building Corp. except for

that portion alleging that the defendants Beechwood Organization and Beechwood Carmen Building Corp. failed to deed the common areas of the subject development to the plaintiff and to pay certain assessments are granted; and it is further,

Ordered that the second and third orders dated September 4, 2008, and the orders dated August 4, 2009, are affirmed insofar as appealed from; and it is further,

Ordered that the cross appeal by the defendants Beechwood Organization, Beechwood Carmen Building Corp., Michael Dubb, Leslie A. Lerner, Carol Bosco, Richard Rosenberg, Ted Jung and Michael Leeds from the order dated August 6, 2009, is dismissed as academic in light of our determination of the cross appeal from the first order dated September 4, 2008; and it is further,

Ordered that the order dated August 6, 2009, is affirmed insofar as appealed from; and it is further,

Ordered that the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that the membership and club access practices of the golf and country club owned by the defendant Greens Golf Club, LLC, do not unlawfully discriminate against owners of homes at Country Pointe at Dix Hills and that those practices are not invalid, that the membership and club access practices of the golf and country club do not violate the rights secured to those homeowners, their family members, and residents of those homes pursuant to the governing documents of the plaintiff Country Pointe at Dix Hills Home Owners Association, Inc., the contracts between those homeowners and the sponsor of Country Pointe at Dix Hills, and New York law, that the golf and country club may be owned by the defendant Greens Golf Club, LLC, and that each individual homeowner at Country Pointe at Dix Hills is not entitled to opt out of and back into his or her mandatory social membership in the golf and country club; and it is further,

Ordered that one bill of costs is awarded to the defendants appearing separately and filing separate briefs, payable by the plaintiff.

The plaintiff, Country Pointe at Dix Hills Home Owners Association, Inc. (hereinafter the homeowners association), is a corporation organized to represent individual homeowners of units within the Country Pointe at Dix Hills residential development (hereafter the development). The homeowners association commenced the instant action, ostensibly on behalf of its members, against, among others, the development's sponsor Beechwood Organization (hereinafter the sponsor), developer

Beechwood Carmen Building Corp. (hereinafter the developer), and the principals of those entities, the defendants Michael Dubb, Leslie A. Lerner, Carol Bosco, Richard Rosenberg, Ted Jung and Michael Leeds (hereafter collectively the Beechwood defendants) alleging, inter alia, breach of contract and fraud in connection with the homeowners' mandatory social membership in a golf and country club (hereinafter the club) located at an adjacent condominium development where residency is limited to persons aged 55 and older, known as the Greens at Half Hollow, which is owned and operated by the defendant Greens Golf Club, LLC (hereinafter GGC).

"To succeed on a motion to dismiss pursuant to CPLR 3211 (a) (1), the documentary evidence that forms the basis of the defense must be such that it resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim" (*Trade Source v Westchester Wood Works*, 290 AD2d 437 [2002], citing *Teitler v Pollack & Sons*, 288 AD2d 302 [2001]; *see 511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144 [2002]; *Leon v Martinez*, 84 NY2d 83 [1994]).

"On a motion to dismiss pursuant to CPLR 3211 (a) (7), the court must determine, accepting as true the factual averments of the complaint and according the plaintiff the benefit of all favorable inferences, whether the plaintiff can succeed upon any reasonable view of the facts as stated" (*Schneider v Hand*, 296 AD2d 454, 454 [2002]). Such a motion will fail if, from the four corners of the complaint, factual allegations are discerned which taken together manifest any cause of action cognizable at law (*see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). However, "bare legal conclusions and factual claims which are flatly contradicted by the record are not presumed to be true" (*Parola, Gross & Marino, P.C. v Susskind*, 43 AD3d 1020, 1021-1022 [2007]; *see Kupersmith v Winged Foot Golf Club, Inc.*, 38 AD3d 847, 848 [2007]).

Here, despite the allegations to the contrary made by the homeowners association, the documentary evidence, including the offering plan referable to the development, the contracts of sale for units within the development, the rules and regulations of the club, and an agreement between the developer and the defendant S.B.J. Associates, LLC, conclusively proves that the amenities and services which the members of the homeowners association claimed they were receiving, were in accord with those documents, as well as the deal those members bargained for when purchasing their homes (*see Larchmont Nurseries, Inc. v Daly*, 33 AD3d 872, 874 [2006]; *Nagle v Shearson Lehman Bros.*, 190 AD2d 568 [1993]). Further, the complaint fails to suf-

ficiently plead allegations against the individual Beechwood defendants to justify piercing the corporate veil in order to hold them personally liable in this action (*see Damianos Realty Group, LLC v Fracchia*, 35 AD3d 344 [2006]).

Accordingly, except to the extent that the homeowners association alleges in the first cause of action of the amended verified complaint that the sponsor and the developer failed to deed, to it, the common areas of the development and failed to pay assessments, the Supreme Court erred in denying those branches of the Beechwood defendants' motion pursuant to CPLR 3211 (a) (1) and (7) which were to dismiss the first cause of action alleging breach of contract insofar as asserted against the sponsor and the developer, and to dismiss the causes of action alleging fraud, negligent misrepresentation, violation of General Business Law § 349, and breach of fiduciary duty insofar as asserted against all of the Beechwood defendants.

The defendants Alvin Benjamin, Benjamin Development Co., Inc., and Benjamin Millennium Group, LLC (hereinafter collectively the Benjamin defendants), established their prima face entitlement to judgment as a matter of law dismissing the eighth, tenth, and eleventh causes of action insofar as asserted against them, and declaring that the membership and club access practices of the club do not unlawfully discriminate against owners of homes in the development and are valid, that the membership and club access practices of the club do not violate the rights secured to those homeowners, their family members, and residents of those homes pursuant to the governing documents of the homeowners association, the contracts between those homeowners and the sponsor, and New York law, that the club may be owned by the defendant GGC, and that each individual homeowner in the development is not entitled to opt out of and back into his or her mandatory social membership in the club (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). Likewise, the defendants S.B.J. Associates, LLC, Greens at Half Hallow, LLC, Jobco Realty and Development, LLC, GGC, KJV, LLC, Steven Kaplan, Neal S. Kaplan, Lee Kaplan and Sherry Stolzenberg (hereinafter collectively the Kaplan defendants), also established their prima facie entitlement to judgment as a matter of law dismissing the third, fourth, fifth, sixth, eighth, tenth, eleventh, thirteenth, and fourteenth causes of action insofar as asserted against them, and declaring the rights and obligations of the parties in accordance with the relief sought by the Benjamin defendants (*id.*). The Kaplan defendants and the Benjamin defendants established, as a matter of law, inter alia, that they neither breached any contract nor committed any

fraud in connection with the membership of the members of the homeowners association in the golf club. In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly awarded summary judgment to the Benjamin defendants dismissing the eighth, tenth, and eleventh causes of action insofar as asserted against them, to the Kaplan defendants dismissing the third, fourth, fifth, sixth, eighth, tenth, eleventh, thirteenth, and fourteenth causes of action insofar as asserted against them, and declaring the rights and obligations of the parties in accordance with the relief sought by both the Benjamin defendants and the Kaplan defendants (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]).

Having failed to raise the affirmative defense of lack of standing in their pre-answer motion, or to plead it in their subsequently served answer, the Beechwood defendants waived their contention that the homeowners association lacks standing (*see* CPLR 3211 [a] [3]; [e]; *Deutsche Bank Natl. Trust Co. v Jackson*, 68 AD3d 805 [2009]; *see also Matter of Fossella v Dinkins*, 66 NY2d 162, 167-168 [1985]; *Dougherty v City of Rye*, 63 NY2d 989, 991-992 [1984]).

The parties' remaining contentions either are not properly before the Court, need not be reached in view of our determination, or are without merit.

Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that the membership and club access practices of the club do not unlawfully discriminate against owners of homes in the development and that those practices are not invalid, that the membership and club access practices of the club do not violate the rights secured to those homeowners, their family members, and residents of those homes pursuant to the governing documents of the homeowners association, the contracts between those homeowners and the developer, and New York law, that the club may be owned by GGC, and that each individual homeowner in the development is not entitled to opt out of and back into his or her mandatory social membership in the club (*see Lanza v Wagner*, 11 NY2d 317 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Dillon, J.P., Angiolillo, Hall and Roman, JJ., concur.