█ ANTHONY VITALE et al., Appellants, v EDMUND ROWLAND, JR., Doing Business as NDA KITCHEN Co., Respondent, et al., Defendant. [930 NYS2d 242]—

"On a motion to dismiss pursuant to CPLR 3211 (a) (7), the court must determine, accepting as true the factual averments of the complaint and according the plaintiff the benefit of all favorable inferences, whether the plaintiff can succeed upon any reasonable view of the facts as stated" (*Schneider v Hand*, 296 AD2d 454, 454 [2002]; *see Hill v Murphy*, 63 AD3d 680, 681 [2009]). "Such a motion will fail if, from the four corners of the complaint, factual allegations are discerned which taken together manifest any cause of action cognizable at law" (*Country Pointe at Dix Hills Home Owners Assn., Inc. v Beechwood Org.*, 80 AD3d 643, 649 [2011]; *see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). Here, the complaint sets forth a cognizable cause of action sounding in breach of contract against the defendant Edmund Rowland, Jr., individually (*see McCarthy v Young*, 57 AD3d 955 [2008]). Accordingly, at this prediscovery stage, the Supreme Court erred, upon reargument, in adhering to its determination, in effect, granting that branch of the motion of the defendant Edmund Rowland, Jr., which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against him individually (*see Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 38 AD3d 34, 38 [2006]). Mastro, J.P., Florio, Eng and Sgroi, JJ., concur.