Stinner v Epstein (2018 NY Slip Op 04371)





Stinner v Epstein


2018 NY Slip Op 04371


Decided on June 13, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 13, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2015-12580
 (Index No. 17069/14)

[*1]Gerald Stinner, etc., et al., respondents, 
v
Barbara Epstein, etc., et al., defendants, Jay Sharfstein, etc., appellant.


Braverman Greenspun, P.C., New York, NY (Scott S. Greenspun and Manu Leila Davidson of counsel), for appellant.
Gerald Stinner, Brooklyn, NY, respondent pro se, and Elaine Ra, Brooklyn, NY, respondent pro se (one brief filed).



DECISION & ORDER
In an action, inter alia, to recover damages for breach of fiduciary duty, the defendant Jay Sharfstein appeals from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated November 23, 2015. The order, insofar as appealed from, denied that branch of his motion, made jointly with the defendants Valen Fleming, Florian Grenier, Joshua Hoeltzel, and Audra Paterna, individually and as members of the Board of Directors of the defendant Ansonia Storage Warehouse Corporation, which was pursuant to CPLR 3211(a)(7) to dismiss the cause of action alleging breach of fiduciary duty insofar as asserted against him.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiffs commenced this action after suffering a bed bug infestation in their cooperative apartment. The plaintiffs alleged that the infestation, which originated in the apartment across the hall from theirs, continued for approximately 10 months until the plaintiffs hired an exterminator to provide competent abatement services. By that time, the infestation had spread to other portions of the building. The plaintiffs alleged numerous causes of action against, among others, Ansonia Storage Warehouse Corporation (hereinafter the Co-op) and its Board of Directors (hereinafter the Board), including the defendant Jay Sharfstein, individually and as a member of the Board. With respect to the Board and its members, the plaintiffs alleged that the Board deliberately conspired to conceal the unsafe condition posed by the building-wide infestation, and improperly prioritized some maintenance and repair obligations at the Co-op's expense.
We agree with the Supreme Court's denial of that branch of the motion which was pursuant to CPLR 3211(a)(7) to dismiss the breach of fiduciary duty cause of action insofar as asserted against Sharfstein. "In the context of a motion to dismiss pursuant to CPLR 3211, the court must afford the pleadings a liberal construction, take the allegations of the complaint as true and provide plaintiff the benefit of every possible inference. Whether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [citation omitted]; see Leon v Martinez, 84 NY2d 83, 87, 88; Sokol v Leader, 74 AD3d 1180, 1180-1181).
When evidentiary material is adduced in support of a motion pursuant to CPLR 3211(a)(7), the court must determine whether the proponent of the pleading has a cause of action, not whether the proponent has stated one. If such evidence disproves an essential allegation of the complaint, dismissal is warranted even if the allegations, standing alone, could withstand a motion to dismiss for failure to state a cause of action (see Guggenheimer v Ginzburg, 43 NY2d 268, 275; Peter F. Gaito Architecture, LLC v Simone Dev. Corp., 46 AD3d 530). When evidentiary material is considered on a motion to dismiss, dismissal is only warranted when it has been shown that a material fact as claimed by the plaintiff is not a fact at all, and no significant dispute exists regarding it (see Guggenheimer v Ginzburg, 43 NY2d at 274-275; Steve Elliot, LLC v Teplitsky, 59 AD3d 523).
The elements of a breach of fiduciary duty cause of action are (1) the existence of a fiduciary relationship, (2) misconduct by the defendant, and (3) damages directly caused by the defendant's misconduct, which elements must be pleaded with the particularity required by CPLR 3016(b) (see Palmetto Partners, L.P. v AJW Qualified Partners, LLC, 83 AD3d 804, 807-808). The board of directors of a cooperative corporation owes its shareholders a fiduciary duty (see Matter of Levandusky v One Fifth Ave. Apt. Corp., 75 NY2d 530, 538; Board of Mgrs. of Fairways at N. Hills Condominium v Fairway at N. Hills, 193 AD2d 322, 324-325). "[I]n the context of cooperative dwellings, the business judgment rule provides that a court should defer to a cooperative board's determination so long as the board acts for the purposes of the cooperative, within the scope of its authority and in good faith'" (40 W. 67th St. v Pullman, 100 NY2d 147, 153, quoting Matter of Levandusky v One Fifth Ave. Apt. Corp., 75 NY2d 530, 538). Unequal treatment of shareholders is sufficient to overcome the directors' insulation from liability under the business judgment rule (see Meadow Lane Equities Corp. v Hill, 63 AD3d 699, 700), and a director who participates in the commission of a tort committed by the board may be held individually liable (see Fletcher v Dakota, Inc., 99 AD3d 43, 47; cf. Cohen v Kings Point Tenant Corp., 126 AD3d 843, 845; Hill v Murphy, 63 AD3d 680, 681).
Here, the plaintiffs contend that Sharfstein received an allegedly improper $25,000 payment from the Board to repair water damage to his apartment, while the Board allegedly unfairly declined to take responsibility for the plaintiffs' expenses caused by the building-wide bed bug infestation. Nothing in Sharfstein's submissions on the motion to dismiss demonstrate that this is not a fact at all and there is no significant dispute regarding it. Thus, this allegation that Sharfstein actively participated in the unequal treatment of the plaintiffs is sufficient to sustain a cause of action alleging breach of fiduciary duty against him individually (see 40 W. 67th St. v Pullman, 100 NY2d at 153; Fletcher v Dakota, Inc., 99 AD3d at 47).
MASTRO, J.P., RIVERA, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court