**Riverside Ctr. Site 5 Owner LLC v Lexington Ins. Co.**

2024 NY Slip Op 30449(U)

February 9, 2024

Supreme Court, New York County

Docket Number: Index No. 650043/2019

Judge: Nancy M. Bannon

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. NANCY M. BANNON**                    PART                    42
                                                         *Justice*

-------------------------------------------------------------------------------X

RIVERSIDE CENTER SITE 5 OWNER LLC,RIVERSIDE CENTER 5 MEZZ LLC,EL AD RIVERSIDE LLC,RIVERSIDE CENTER 5 HOLDCO LLC,SILVERSTEIN RIVERSIDE HOLDING COMPANY LLC,EL AD US HOLDING INC.,

                                      Plaintiff,

                              - v -

LEXINGTON INSURANCE COMPANY, STARR SURPLUS LINES INSURANCE COMPANY, HOUSTON CASUALTY COMPANY, ALLIANZ GLOBAL RISK US INSURANCE COMPANY, ILLINOIS UNION INSURANCE COMPANY,

                                      Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 650043/2019 |
| MOTION DATE | 10/31/2023 |
| MOTION SEQ. NO. | 009 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 009) 233, 234, 235, 236, 237, 238, 239, 240, 241, 242, 243, 244, 245, 246, 247, 248, 249, 250, 251, 253, 254, 255, 256, 257

were read on this motion to/for                    DISCOVERY                    .


In this action seeking, *inter alia*, indemnification in the sum of $31,285,539.24 for water damage at a construction site, a central issue is the cause and extent of construction delays. The defendants moved pursuant to CPLR 3126 to strike the complaint for failure to disclose requested communications during discovery and to comply with court-ordered disclosure (MOT SEQ 008). By an order dated July 17, 2023, the court found that the plaintiffs, Riverside Center Site 5 Owner LLC *et al* (Riverside) were recalcitrant in failing to turn over certain communications between plaintiffs and their construction manager, Tishman Construction Corp. of New York (Tishman), "which identify and discuss various sources of project delays unrelated to the [subject loss], [which are] highly relevant, as they go to the crux of the parties' dispute. Plaintiffs plainly should have produced these communications over three years ago in response to defendants' initial document demands, or at any point thereafter in compliance with the court's numerous discovery orders." The court found that the plaintiffs' "conduct clearly warrants sanctions."

**650043/2019   RIVERSIDE CENTER SITE 5 vs. LEXINGTON INSURANCE COMPANY**          **Page 1 of 4**
  **Motion No.  009**

1 of 4

The court further held that while the plaintiffs did produce over 19,000 other communications between themselves and Tishman that generally concern delays, the undisclosed communications "appear to be far more specific in detailing the causes and quantifying the extent" of the various delays and "are thus far more damaging to plaintiffs' case." While declining to strike the plaintiffs' complaint, the court granted the defendants' motion to the extent of striking the Note of Issue and directing that "plaintiffs shall pay defendants discovery costs, including reasonable attorney's fees for all discovery conducted thus far in the litigation as well as all future discovery, without prejudice." The court held that the "defendants shall be given an opportunity to conduct additional depositions limited to the matters raised in the Undisclosed Communications" and directed the parties to appear for a status conference to set a schedule for completion of that discovery.

The August 10, 2023, status conference directs the completion of five depositions on or before October 30, 2023, and sets the new Note of Issue filing deadline as December 31, 2023. The court denied the defendants' request for additional time to serve additional discovery demands, by deleting that request on the proposed order. The next status conference order, dated November 16, 2023, extends to December 15, 2023, the time for completing two remaining depositions. The Note of Issue deadline remained as December 31, 2023, and no further discovery was directed. In the final status conference order dated December 21, 2023, the court noted that only one deposition remained outstanding and all other discovery was complete or waived. The court also cautioned the parties of the rule that that there shall be "no post-note discovery absent unusual or unanticipated circumstances (22 NYCRR 202.21[d])." The plaintiffs filed a Note of Issue on December 28, 2023.

In the meantime, on October 3, 2023, the defendants had filed the instant motion seeking to compel the plaintiffs to provide further document discovery, *ie.* documents exchanged between parties in a related action commenced by plaintiff Riverside against Tishman prior to this action, concerning the same project at issue here, which actin was discontinued in 2018 (*Riverside Center Site 5 Owner LLC v Tishman Construction Corporation of New York*, Index No. 656364/2017) (MOT SEQ 009). A second action was filed under Index No. 652700/2020 and is currently pending before a different Justice of this court. In those two actions, Riverside alleged, *inter alia*, that Tishman caused construction delays.

**650043/2019   RIVERSIDE CENTER SITE 5 vs. LEXINGTON INSURANCE COMPANY**
**Motion No.  009**

**Page 2 of 4**

2 of 4

In their instant motion papers, the defendants seek "all written discovery responses, deposition transcripts and expert reports (with exhibits) exchanged in Riverside's related action against Tishman." The defendants requested this discovery, and more, in their discovery demands dated July 20, 2020, and August 24, 2023. The plaintiffs oppose the motion.

While, as this court has cautioned the parties, there can be no post-note discovery absent demonstrated unusual or unanticipated circumstances (see 22 NYCRR 202.21[d[), this case presents such unusual circumstances, warranting limited post-note document discovery. First, since the defendants' demand was initially made in July of 2020, it does not run afoul of the court's denial of service of additional demands in 2023. For the same reason, and since this motion was made before the court found that any further document discovery was waived, it cannot be concluded that the defendants waived that particular discovery. And, since those demands, at least in part, "go to the crux of the parties' dispute" here, they are material and necessary. CPLR 3101(a) provides that "there shall be full disclosure of all matter material and necessary in the prosecution or defense of an action" and that this language is "interpreted liberally to require disclosure, upon request, of any facts bearing on the controversy which will assist preparation for trial by sharpening the issues and reducing delay and prolixity." Osowski v AMEC Constr. Mgt., Inc., 69 AD3d 99, 106 (1st Dept. 2009) quoting Allen v Crowell-Collier Publ. Co., 21 NY2d 403, 406-407 (1968).

However, as articulated in the July 20, 2020, demand, it was overly broad as it sought, inter alia, "all documents" exchanged in that action, "all communications" between counsel in that action and "[a] complete copy of any file(s) maintained by Riverside with respect to" that action. See Grotallio v Soft Drink Leasing Corp., 97 AD2d 383 (1st Dept. 1983). It is well-settled that demands for disclosure must be "relevant, describe documents with 'reasonable particularity,' not impose an undue burden and not represent a 'fishing expedition.'" Konrad v 136 E 64th St. Corp., 209 AD2d 228, 228 (1st Dept. 1994) (citations omitted); CPLR 3120.

For these reasons, the court grants the instant motion only to the extent of directing the plaintiffs to provide to the defendants, within 30 days, all written discovery responses exchanged between Riverside and Tishman in the two actions (Index Nos. 656364/2017 and 652700/2020) which concern, in whole or part, project delays, to the extent not already provided to the defendants. The defendants are certainly aware that all filed documents in either of the actions commenced by Riverside against Tishman are available on the court's NYSCEF

**650043/2019   RIVERSIDE CENTER SITE 5 vs. LEXINGTON INSURANCE COMPANY**                    **Page 3 of 4**
**Motion No.  009**

[* 3]

system. Any failure to timely and fully comply with this order may result in the plaintiffs being precluded from using evidence at trial or in a dispositive motion. See CPLR 3126.

Furthermore, the parties' deadline for filing a summary judgment motion is extended to May 1, 2024, to accommodate the limited additional discovery directed herein. As the court stated in the order dated July 17, 2023, the defendants' have already been prejudiced by not having the undisclosed communications during the entire course of the litigation.

The plaintiffs need not pay any attorney's fees incurred by the defendants on this motion.

Accordingly, upon the foregoing papers and this court's prior order, it is

ORDERED that the defendants' motion to compel discovery (MOT SEQ 009) is granted to the extent that the plaintiffs shall, within 30 days of the date of this order, provide to the defendants all written discovery responses exchanged to date between the plaintiff and defendant in the two actions entitled *Riverside Center Site 5 Owner LLC v Tishman Construction Corporation of New York* (Index Nos. 656364/2017 and No. 652700/2020) which concern, in whole or part, project construction delays, to the extent not previously provided; and the motion is otherwise denied, and it is further

ORDERED that the parties' deadline for filing summary judgment motions is extended to May 1, 2024, to accommodate the additional discovery directed herein.

This constitutes the Decision and Order of the court.

_____
NANCY M. BANNON, J.S.C.
HON. NANCY M. BANNON

| | | | | |
|---|---|---|---|---|
| **2/9/2024** | | | | |
| **DATE** | | | | |
| **CHECK ONE:** | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
| | ☐ GRANTED | ☐ DENIED | ☒ GRANTED IN PART | ☐ OTHER |
| **APPLICATION:** | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

650043/2019   RIVERSIDE CENTER SITE 5 vs. LEXINGTON INSURANCE COMPANY
Motion No.  009

Page 4 of 4