Board of Mgrs. of the Residential Section of the Plaza Condominium v Franzese (2024 NY Slip Op 03535)

Board of Mgrs. of the Residential Section of the Plaza Condominium v Franzese

2024 NY Slip Op 03535

Decided on June 27, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 27, 2024

Before: Webber, J.P., Gesmer, Rosado, O'Neill Levy, JJ. 

Index No. 654394/15 Appeal No. 2563 Case No. 2023-03119 

[*1]Board of Managers of the Residential Section of the Plaza Condominium, Plaintiff-Appellant,
v
Kristin Franzese etc., et al., Defendants, Board of Managers of the Plaza Condominium, Defendant-Respondent.

Holland & Knight LLP, New York (Robert S. Bernstein of counsel), for appellant.
Kaufman Borgeest & Ryan LLP, Garden City (Cara A. O'Sullivan of counsel), for respondent.

Order, Supreme Court, New York County (Suzanne J. Adams J.), entered May 18, 2023, which, to the extent appealed from as limited by the briefs, granted respondent 's motion to dismiss plaintiff's cause of action for conversion, unanimously affirmed, without costs.
Plaintiff failed to state a cause of action for conversion. Plaintiff, the board of managers of the residential section of a mixed-use condominium, alleges in its third amended complaint that respondent overcharged it for utilities and then, despite the terms of the building's offering plan and bylaws, used the funds to pay for utility costs incurred by the nonresidential unit owners. Plaintiffs do not allege, however, that respondent breached a duty of care distinct from its contractual obligations, or that it violated any legal duty apart from its obligations under the offering plan and bylaws to properly allocate payments among the various sections of the building (see New York Univ. v Continental Ins. Co., 87 NY2d 308, 316 [1995]; Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 389 [1987]). In fact, the offering plan and by-laws provide the only authority governing allocation of the utility charges. Thus, the cause of action for conversion does not allege conduct that would give rise to liability in tort, but rather is in the nature of a breach of contract cause of action (see Pomerance v McGrath, 124 AD3d 481, 482 [1st Dept 2015], lv dismissed 25 NY3d 1038 [2015]).
The court providently exercised its discretion in denying plaintiff's request to amend the pleadings for a fourth time. Plaintiff failed to submit any proposed amended pleadings or substantiation for its proposed new claims (CPLR 3025(b); see Hoppe v Board of Directors of 51-78 Owners Corp., 49 AD3d 477, 477 [1st Dept 2008]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 27, 2024