■ BRENDAN BLACK, Respondent, v ALEXANDER HOUSE RESIDENCES, INC., Appellant. [640 NYS2d 528] —Judgment, Supreme Court, Suffolk County (Harry Seidell, J.), entered November 30, 1994, in favor of plaintiff tenant shareholder and against defendant residential cooperative corporation in the amount of $42,871.92, plus interest, costs and disbursements, unanimously modified, on the law and the facts, to

reduce the award of damages to $26,000, plus $340 a month for a period of 17 months and 19 days, plus interest, costs and disbursements, the matter is remanded for revision of the total award, and otherwise affirmed, without costs.

We find that defendant's decision to condition its approval of plaintiff's sale of the apartment upon his payment of the attorneys' fees it had incurred in prosecuting the summary proceeding against plaintiff for nonpayment of maintenance was in accordance with its bylaws and in good faith for the period from March 25, 1988, when the contract for the sale of the apartment was signed, to January 30, 1989, when the default judgment defendant had obtained against plaintiff in the summary proceeding was vacated by the Appellate Term for lack of jurisdiction and such decision therefore is not subject to judicial scrutiny under the business judgment rule (*see, Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530). However, thereafter, by continuing to deny approval of the sale unless plaintiff paid its attorneys' fees, defendant was acting "without * * * consideration of the relevant facts" (*supra*, at 540), namely, the reversal of the summary proceeding in which it had incurred the fees it was demanding, and lost the protection of the business judgment rule. Without that protection, defendant's conduct constituted tortious interference with contract, for which it should be liable in the amount of $19,000, the difference between the price stipulated in the interfered-with contract and the price for which plaintiff ultimately sold the apartment plus a broker's fee that would not have been paid had the first contract closed. The trial court also properly awarded plaintiff $7,000 as a reasonable fee for the services of his attorney in the summary proceeding (Real Property Law § 234; *see, Jordan v Freeman*, 40 AD2d 656, 657), and it makes no difference that such fees have yet to be billed or paid. Also properly awarded was $250 in monthly maintenance and $90 in monthly utility fees, but the award should only extend for the 17 months and 19 days that followed defendant's wrongful refusal to approve the sale. However, with respect to plaintiff's claim for recovery of $3,000 in assessments from March, 1988 to July, 1991, this item must be reviewed in light of our foregoing modification, and we reject it as speculative (*see, Berley Indus. v City of New York*, 45 NY2d 683, 686-687). Concur—Ellerin, J. P., Wallach, Kupferman, Williams and Mazzarelli, JJ.