■ GRIGORY KRAVTSOV, Respondent, v THWAITES TERRACE HOUSE OWNERS CORP. et al., Appellants. [700 NYS2d 177] —Order, Supreme Court, Bronx County (Anne Targum, J.), entered October 8, 1998, which in an action by a tenant/shareholder against a residential cooperative and the members of its board of directors for breach of fiduciary duty, tortious interference with contract, breach of the proprietary lease, and intentional and negligent infliction of emotional distress, denied defendants' motion to dismiss the complaint for failure to state a cause of action, unanimously modified, on the law, to dismiss the cause of action for breach of fiduciary duty as against all of the defendants except the cooperative and Elias Karmon, and to dismiss the causes of action for intentional and negligent infliction of emotional distress in their entirety, and otherwise affirmed, without costs.

The complaint states causes of action for breach of fiduciary duty as against the board in alleging that it delayed action on and then disapproved plaintiff's request for approval of the sale of his apartment in order to gain leverage in its ongoing disputes with plaintiff over water leaks (*see, Ackerman v 305*

*E. 40th Owners Corp.*, 189 AD2d 665, 667; *Black v Alexander House Residences*, 226 AD2d 186). However, the individual directors cannot be held liable for breach of fiduciary duty absent an allegation of tortious conduct separate from the disapproval of the sale (*see*, *Konrad v 136 E. 64th St. Corp.*, 246 AD2d 324, 326). The only director so identified is Karmon, who allegedly demanded a commission in connection with plaintiff's purchase of an adjoining apartment, and also demanded, in exchange for approval of the sale, the discontinuance of plaintiff's lawsuit against him for water damage. Accordingly, the cause of action for breach of fiduciary duty should have been dismissed as against the other individual defendants. The cause of action for tortious interference with contract should be sustained upon these same allegations that approval of plaintiff's sale of his apartment was made subject to unjustified preconditions. It is not necessary that plaintiff allege a breach of contract, where the potential buyers were precluded from ever entering into the contract because of defendants' tortious refusal to approve it. The cause of action for breach of the proprietary lease, asserted only against the coop, should also be sustained, plaintiff's allegations being sufficient to support an inference of a violation of the obligation of good faith implicit in any contract. However, the causes of action for intentional and negligent infliction of emotional distress should be dismissed, plaintiff's allegations being insufficient to show atrocious, utterly intolerable conduct (*see*, *Fischer v Maloney*, 43 NY2d 553, 557). Concur—Sullivan, J. P., Rosenberger, Nardelli, Williams and Friedman, JJ.