■ BAYSTONE EQUITIES, INC., Appellant, v JACQUELINE HANDEL-HARBOUR, Respondent. [809 NYS2d 904]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered February 1, 2005, which granted defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) and imposed a sanction against plaintiff, unanimously affirmed, with costs.

Even if the allegations of fraud, conspiracy, aiding and abetting, breach of fiduciary duties and malpractice are accepted as true, affording all favorable inferences and construing the complaint liberally, plaintiff still did not sufficiently allege a cause of action for fraud and failed to allege any damages resulting from the claimed misrepresentation (*see e.g. Polovy v Duncan*, 269 AD2d 111 [2000]).

Under the circumstances, since no attorney-client or other contractual relationship existed between plaintiff and defendant, the cause of action for malpractice was properly dismissed (*see Linden v Moskowitz*, 294 AD2d 114, 115 [2002], *lv denied* 99 NY2d 505 [2003]). Even assuming plaintiff could assert such a claim against defendant, an attorney's failure to disclose malpractice does not give rise to a fraud claim separate from the customary malpractice action (*see Weiss v Manfredi*, 83 NY2d 974 [1994]).

Sanctions in the amount of $500, costs and attorneys' fees were appropriate (22 NYCRR 130-1.1) in light of the lack of merit to the complaint and the clear indication that this action may have been commenced as a means of harassment. Concur—Saxe, J.P., Gonzalez, Catterson, McGuire and Malone, JJ.