■ New Stadium LLC, Appellant, v Greenpoint-Goldman Corp., Respondent. [843 NYS2d 290]—

Appeal from order, Supreme Court, New York County (Herman Cahn, J.), entered September 7, 2006, which granted defendant's motion to dismiss the complaint, deemed to be an appeal from judgment, same court and Justice, entered December 8, 2006, (CPLR 5501 [c]), said judgment unanimously reversed, on the law, with costs, and vacated, the first and second causes of action reinstated and the matter remanded for further proceedings.

The court properly dismissed the third and fourth causes of action for breach of contract and specific performance, inasmuch as plaintiff failed to establish that it was an intended, rather than an incidental, beneficiary under the lease whose provisions it sought to enforce (*see Alicea v City of New York*, 145 AD2d 315 [1988]). With respect to the first cause of action, plaintiff adequately pleaded tortious interference with contract arising from defendant lessor's refusal to comply with its contractual obligation to consent to an assignment of the lease under the circumstances herein, thus making it impossible for the lessee to perform under its contract to assign the premises to plaintiff (*Kravtsov v Thwaites Terrace House Owners Corp.*, 267 AD2d 154, 155 [1999]; *cf. Maruki, Inc. v Lefrak Fifth Ave. Corp.*, 161 AD2d 264, 268 [1990]). We further find that plaintiff's allegation that defendant withheld consent to the assignment for the wrongful and illegal purposes of extorting a $9 million consent fee was sufficient to plead a cause of action for tortious interference with business relations, and reinstate the second cause of action on that basis, as well as on the ground that defendant's action may amount to the sort of extreme and unfair economic pressure considered wrongful under *Guard-Life Corp. v Parker Hardware Mfg. Corp.* (50 NY2d 183 [1980]; *cf. Carvel Corp. v Noonan*, 3 NY3d 182, 191-193 [2004]). Concur—Lippman, P.J., Andrias, Marlow, Buckley and Catterson, JJ.