■ SAUL SAYEH, Appellant, v 66 MADISON AVENUE APT. CORP. et al., Respondents. [901 NYS2d 26]—

Order, Supreme Court, New York County (Milton A. Tingling, J.), entered April 30, 2009, which, insofar as appealed from, denied plaintiff's motion for partial summary judgment on the issue of liability against defendants Lawrence Silberman, Andrea Bunis Management, Inc. (Bunis), and the individual defendants who were board members of defendant 66 Madison Avenue Apt. Corp. (the coop), granted the cross motion of the coop for summary judgment dismissing all claims as against it except the breach of contract cause of action, and granted the cross motions of the remaining defendants for summary judgment dismissing the complaint as against them, unanimously affirmed, with costs.

Plaintiff, a shareholder in the coop, had previously purchased seven apartments in the building owned by the coop and sought to purchase an eighth unit. His application was turned down by the coop's board members; defendant Silberman is the coop's attorney and Bunis is its managing agent. Plaintiff commenced this action asserting, inter alia, causes of action for discrimination on the basis of national origin against all defendants, breach of fiduciary duty against the board members, breach of contract against the coop, negligence against Bunis and legal malpractice and intentional tort against Silberman. Subsequently, upon being notified by the attorney representing plaintiff in the real estate transaction action that the proprietary lease contained a stockholder-to-stockholder exemption from the requirement of board approval for assignment of shares, the coop conceded partial liability on the breach of contract claim.

Plaintiff's discrimination claim was properly dismissed. There is no evidence that either Silberman or Bunis was involved in the determination to turn down plaintiff's application, and thus, there is no basis for a discrimination claim against them. The remaining defendants established their prima facie entitlement to summary judgment with evidence that denial of plaintiff's application was made for legitimate purposes taking into consideration the interests of the coop (*Matter of Levandusky v One Fifth Ave. Apt. Corp.*, 75 NY2d 530, 537-538 [1990] ["the business judgment rule prohibits judicial inquiry into actions of corporate directors taken in good faith and in the exercise of

honest judgment in the lawful and legitimate furtherance of corporate purposes'' (internal quotation marks and citation omitted)]; *Pelton v 77 Park Ave. Condominium*, 38 AD3d 1, 7-8 [2006]). In opposition, plaintiff failed to offer proof of unlawful discrimination to raise a triable issue of fact (*id.* at 9).

To make a prima facie case of housing discrimination under Executive Law § 296 (5) and under its federal counterpart (42 USC § 3601 *et seq.*), plaintiff must demonstrate (1) that he is a member of the class protected by the statute; (2) that he sought and was qualified to purchase the apartment; (3) that he was rejected; and (4) that the coop's denial of his application occurred under circumstances giving rise to an inference of discrimination (*see Dunleavy v Hilton Hall Apts. Co., LLC*, 14 AD3d 479, 480 [2005]; *Mitchell v Shane*, 350 F3d 39, 47 [2003]). Here, plaintiff is unable to point to evidence raising an inference of discrimination, as there is no evidence that the board treated non-Israelis differently in regards to acquiring multiple apartments. Nor is there any evidence that the board chose to honor the stockholder-to-stockholder exemption in the case of non-Israelis prior to plaintiff's application. Indeed, it appears that the board was unaware of the exemption until plaintiff's attorney pointed it out. While plaintiff asserted in response to interrogatories that the board had honored the stockholder-to-stockholder exemption in the past, he provided no evidentiary support for this claim in opposition to the summary judgment motions.

Unable to point to any evidence suggesting that the board's denial was made under circumstances giving rise to an inference of discrimination, plaintiff argues that evidence that the board had an ongoing dispute with another shareholder, an Israeli, demonstrates that the board was motivated to discriminate against plaintiff. However, conclusory or speculative assertions of discrimination are insufficient to raise a triable issue of fact (*Pelton*, 38 AD3d at 9), and in any event, there is no evidence that the third party was subjected to unlawful discrimination that adversely affected plaintiff (*cf. Bernstein v 1995 Assoc.*, 185 AD2d 160, 163 [1992]; *Dunn v Fishbein*, 123 AD2d 659 [1986]).

In the absence of any evidence of bad faith or tortious conduct by the board members independent of their disapproval of the sale, the breach of fiduciary duty claims against them were properly dismissed (*Pelton*, 38 AD3d at 10; *Kravtsov v Thwaites Terrace House Owners Corp.*, 267 AD2d 154, 155 [1999]; *Konrad v 136 E. 64th St. Corp.*, 246 AD2d 324, 326 [1998]).

The action was properly dismissed as against Bunis, since it

always acted as an agent for a disclosed principal (*see Crimmins v Handler & Co.*, 249 AD2d 89, 91-92 [1998]).

There is no evidence of privity or "near privity" to support the imposition of a claim of legal malpractice against Silberman (*see Federal Ins. Co. v North Am. Specialty Ins. Co.*, 47 AD3d 52, 59-61 [2007]; *Baystone Equities, Inc. v Handel-Harbour*, 27 AD3d 231 [2006]). Nor is there any evidence of collusion, malice or fraud to warrant the imposition of liability (*see Key Bank of N. N.Y. v Lake Placid Co.*, 103 AD2d 19, 31 [1984]). Plaintiff's claim for intentional tort was properly dismissed, as it is based on the same facts that give rise to the legal malpractice claim (*see InKine Pharm. Co. v Coleman*, 305 AD2d 151, 152 [2003]; *Daniels v Lebit*, 299 AD2d 310 [2002]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, Freedman, Richter and Manzanet-Daniels, JJ.