Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered January 23, 2013, which granted defendant’s motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff alleges that he was terminated from his employment on the basis of his race and his past criminal convictions, in violation of the State and City Human Rights Laws (Executive Law § 296 et seq.; Administrative Code of City of NY § 8-107 [1] [a]; [7]) and Correction Law § 752.
*494 Defendant explained that it terminated plaintiff because he failed to disclose his prior criminal convictions on his employment applications, which plaintiff admitted, and demonstrated that every one of its employees who were found to have falsified an employment application was terminated (see Forrest v Jewish Guild for the Blind, 3 NY3d 295, 305 [2004]; Bennett v Health Mgt. Sys., Inc., 92 AD3d 29 [1st Dept 2011], lv denied 18 NY3d 811 [2012]).
Plaintiff failed to raise an issue of fact. He presented no evidence that defendant’s proffered reason for his termination was pretextual and identified no evidence that he was treated differently from similarly situated employees because of his race or criminal history. There is no evidence to support his claim that the investigator exceeded his investigative authority or that his investigation was animated by racial bias. The fact that the investigation, which initially was focused on claims of intoxication at work, found evidence of unrelated criminal convictions did not render the investigation unreasonable or improper.
Even under the mixed-motive analysis applicable to City Human Rights Law claims, plaintiffs claim fails, because there is no evidence from which a reasonable factfinder could infer that race or criminal history played any role in defendant’s decision to terminate him (see Bennett, 92 AD3d at 40-41).
Plaintiff relies on one remark made in an email exchange that took place weeks after the decision to terminate him was made and that concerned the resolution of his union’s grievance following the termination. In the email, one of defendant’s employees responsible for making the decision to terminate plaintiff declined to reconsider the penalty because of the nature of plaintiffs convictions and his concern about the liability that defendant would assume if plaintiff committed a similar crime while on company time. However, “[s]tray remarks such as [this], even if made by a decision maker, do not, without more, constitute evidence of discrimination” (Melman v Montefiore Med. Ctr., 98 AD3d 107, 125 [1st Dept 2012]). Indeed, plaintiff did not demonstrate a nexus between the employee’s remark and the decision to terminate him (see e.g. Mete v New York State Off. of Mental Retardation & Dev. Disabilities, 21 AD3d 288, 294 [1st Dept 2005]).
We decline to hold, as urged by plaintiff and amici, that the stray remarks doctrine may not be relied on in determining claims brought pursuant to the City Human Rights Law, even as we recognize the law’s “uniquely broad and remedial purposes” (Bennett, 92 AD3d at 34 [internal quotation marks omitted]). The doctrine is not inconsistent with the intentions *495 of the law, since statements “constitute evidence of discriminatory motivation when a plaintiff demonstrates that a nexus exists between the allegedly discriminatory statements and a defendant’s decision to discharge the plaintiff” (Schreiber v Worldco, LLC, 324 F Supp 2d 512, 518 [SD NY 2004]; see Tomassi v Insignia Fin. Group, Inc., 478 F3d 111, 115-116 [2d Cir 2007]).
We have considered plaintiffs remaining contentions and find them unavailing.
Concur — Mazzarelli, J.E, Sweeny, DeGrasse, Manzanet-Daniels and Gische, JJ.