| |
|---|
| **Zadok v Lomner** |
| 2025 NY Slip Op 30698(U) |
| March 3, 2025 |
| Supreme Court New York County |
| Docket Number: Index No. 151526/2024 |
| Judge: Paul A. Goetz |

| |
|---|
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     **HON. PAUL A. GOETZ**                          PART                    47

*Justice*

-------------------------------------------------------------------------------X

DAVID ZADOK,

                       Plaintiff,

                 - v -

JACOB LOMNER, RANDI LOMNER, JOHN DOES

                   Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 151526/2024 |
| MOTION DATE | 11/21/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33

were read on this motion to/for                 DISMISSAL           .

In this housing discrimination / assault and battery action, defendants move pre-answer to dismiss the complaint pursuant to CPLR § 3211(a)(1), (5), and (7), arguing that the claims should be barred by *res judicata*, that the complaint should be dismissed upon documentary evidence, and that the plaintiff has failed to state a cause of action. Plaintiff asserts causes of action for (1) Housing Discrimination under NYC Admin. Code 8-107(5)(a); (2) Assault; (3) Battery; (4) False Imprisonment; (5) Intentional Infliction of Emotional Distress; and (6) Trespass to Chattels.

Plaintiff occupied a unit in defendants' home located at 1622 E. 24th Street, Brooklyn, New York 11229.  Defendant Jacob Lomner initiated a Housing Court holdover proceeding against plaintiff in Kings County (*Jacob Lomner v David Zadok*, Index No LT-323437-22/KI). Lomner obtained a judgment of possession in the Housing Court proceeding but before plaintiff was evicted from the premises he was directed to vacate pursuant to a 24 hour vacate order issued by the New York City Department of Housing Preservation and Development (HPD) dated May 4, 2023 (*see id.* NYSCEF Doc No 38 pg 4, ¶ 14).

**151526/2024   ZADOK, DAVID vs. LOMNER, JACOB ET AL**           **Page 1 of 10**
**Motion No.  001**

[* 1]

*Res Judicata*

Defendants argue that plaintiff's claims as they relate to his occupancy in defendants' premises are barred by the doctrine of *res judicata* because they should have been raised in the Housing Court proceeding.

"Under the doctrine of res judicata, a final judgment precludes reconsideration of all claims which could have or should have been litigated in the prior proceedings against the same party" (*Singh v New York State Div. of Human Rights*, 186 AD3d 1694, 1695 [2d Dept 2020] [internal quotation marks omitted]). "However, the doctrine of res judicata does not apply where the remedy that the plaintiff seeks in the subsequent proceeding was unavailable to the litigant in the prior proceeding" (*id.*). "The proceeding in Housing Court, which is a court of limited jurisdiction and only allows for proceedings for the recovery of possession of real property and for the collection of rent did not allow [plaintiff] to assert claims for discrimination and obtain compensatory and punitive damages" (*id.*). Accordingly, the complaint will not be dismissed on *res judicata* grounds.

*Documentary Evidence*

Defendants also argue that the housing discrimination claim must be dismissed because the documentary evidence establishes that a cause of action cannot be maintained under NYC Admin Code 8-107(5)(a).

NYC Admin Code 8-107(5)(a) provides that:

> It shall be an unlawful discriminatory practice for the owner [of a property to] … [b]ecause of the actual or perceived … sexual orientation … of any person … [t]o refuse to sell, rent, lease, approve the sale, rental, or lease or otherwise deny to or withhold from any such person or group of persons such a housing accommodation or an interest therein [or to] … discriminate against any such person or persons in the terms, conditions, or privileges of the sale, rental, or lease of any such housing accommodation

**151526/2024   ZADOK, DAVID vs. LOMNER, JACOB ET AL**
**Motion No.  001**

**Page 2 of 10**

However, pursuant to NYC Admin Code 8-107(5)(a)(4)(1), this provision shall not apply:

> to the rental of a housing accommodation, other than a publicly-assisted housing accommodation, in a building which contains housing accommodations for not more than two families living independently of each other, if the owner or members of the owner's family reside in one of such housing accommodations, and if the available housing accommodation has not been publicly advertised, listed, or otherwise offered to the general public;

"A motion to dismiss pursuant to CPLR 3211(a)(1) will be granted only if the documentary evidence resolves all factual issues as a matter of law, and conclusively disposes of the plaintiff's claim" (*Fontanetta v Doe*, 73 AD3d 78, 83 [2d Dept 2010]). If the evidence is not "documentary" the court must deny the motion (*id*. at 84). "To constitute documentary evidence, the evidence must be unambiguous, authentic, and undeniable such as judicial records and documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable" (*Xu v Van Zwienen*, 212 AD3d 872, 874 [2d Dept 2023]). "Conversely, letters, emails, and ... affidavits, do not meet the requirements for documentary evidence" (*id*.).

Here, defendants submit the deed for defendants' building where plaintiff resided (along with defendants) which describes the building as a 1-2 family house (NYSCEF Doc No 17). They also submit New York City Department of Buildings (DOB) and HPD records which also describe the building as having two units (NYSCEF Doc Nos 18 & 19). In addition, defendants submit utility bills for the property with defendants' names listed as the account holders (NYSCEF Doc No 20). Finally, defendants submit a screenshot from the website, Streeteasy.com, indicating that the unit has never been listed publicly for rent (NYSCEF Doc No 21).

[* 3]

Defendants argue that the evidence submitted establishes a defense as a matter of law because it proves that the unit in defendants' building was subject to the exception in NYC Admin Code 8-107(5)(a)(4)(1). According to defendants the documents establish that defendants' residence that they shared with plaintiff is a two-family home, and the unit plaintiff occupied was never publicly listed for rent. While, the deed, HPD and DOB records, and the utility bills are essentially undeniable, the screenshot from Streeteasy.com is not because it does not "utterly refute[] plaintiff's factual allegations, [and] conclusively establish[] a defense as a matter of law" (*Goshen v Mut. Life Ins. Co. of New York*, 98 NY2d 314, 326 [2002]). Therefore, it cannot be considered documentary evidence for the purpose of a CPLR § 3211(a)(1) motion. Moreover, plaintiff alleges that "Defendants posted an advertisement for Plaintiff's apartment that sought two seminary girls to replace Plaintiff" (NYSCEF Doc No 1 ¶ 26). Since defendants fail to provide documentary evidence that refutes the claim that the unit was publicly advertised and offered to the general public the claim cannot be dismissed as a matter of law.

Accordingly, the housing discrimination claim cannot be dismissed based upon documentary evidence.

*Failure to State a Cause of Action*

Defendants argue that plaintiff fails to state a cause of action because the allegations in the complaint are conclusory and inherently incredible. When reviewing a "motion to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7), [courts] must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every reasonable inference, and determine only whether the facts, as alleged fit within any cognizable legal theory" (*Bangladesh Bank v Rizal Commercial Banking Corp.*, 226 AD3d 60, 85-86 [1st Dept 2024] [internal quotations omitted]). "In making this determination, [a court is] not authorized to assess

**151526/2024   ZADOK, DAVID vs. LOMNER, JACOB ET AL**
**Motion No.  001**

**Page 4 of 10**

[* 4]

the merits of the complaint or any of its factual allegations" (*id*. at 86 [internal quotations omitted]). Further "[i]n assessing a motion under CPLR 3211(a)(7), ... the criterion is whether the proponent of the pleading has a cause of action, not whether [they have] stated one"[1] (*Eccles v Shamrock Capital Advisors, LLC*, 42 NY3d 321, 343 [2024] [internal quotations omitted]).

### a. Housing Discrimination

To plead a cause of action for housing discrimination, a plaintiff must allege facts that demonstrate (1) he is a member of a protected class; (2) he was qualified to rent the housing accommodation; (3) he suffered an adverse outcome regarding the housing accommodation; and (4) the adverse outcome gave rise to an inference of discrimination (*see Sayeh v 66 Madison Ave. Apt. Corp.*, 73 AD3d 459 [1st Dept 2010]). Plaintiff's claim under the New York City Human Right's Law, "must be construed liberally for the accomplishment of the uniquely broad and remedial purposes thereof, regardless of whether federal or New York state civil and human rights laws ... have been so construed" (*Russell v New York Univ.*, 42 NY3d 377, 385 [2024]). Plaintiff alleges that he was evicted because defendants discovered that he was gay and that he was a secular Jew and not Orthodox (NYSCEF Doc No 1 ¶ 23).

Here, plaintiff alleges that he is a member of a protected class, that he rented an apartment from the defendants, and that the defendants removed him from the apartment (NYSCEF Doc No 1 ¶¶ 8, 12, 15-25). However, plaintiff fails to allege facts that the adverse outcome he suffered gives rise to an inference of discrimination. As for his religious identity, plaintiff fails to allege any facts that suggest defendants' decision to evict plaintiff was because of his religion. As for his sexual identity, while plaintiff alleges that defendant, Jacob Lomner, shouted at him, "homosexual, I will kill you!", following plaintiff returning to his apartment,

---

[1] Although the Court of Appeals does not explain how a court determines whether a plaintiff has a cause of action when it is not stated in the complaint.

**151526/2024  ZADOK, DAVID vs. LOMNER, JACOB ET AL**
**Motion No. 001**

**Page 5 of 10**

"[s]tray remarks such as [this], even if made by a decision maker, do not, without more, constitute evidence of discrimination" (*Godbolt v Verizon New York Inc.*, 115 AD3d 493, 494 [1st Dept 2014].

In determining whether a comment evidences an intent to discriminate or whether it is a non-probative "stray remark", the following factors should be considered[2]: (1) who made the remark, i.e., whether it was made by a decisionmaker or a separate party; (2) when the remark was made in relation to the adverse outcome; (3) the context of the remark, i.e., whether a reasonable juror could view the remark as discriminatory; and (4) the context in which the remark was made, i.e. whether it was related to the decision making process (*Schreiber v Worldco, LLC*, 324 F Supp 2d 512 at 519 [SDNY 2004]). Here, while the alleged remark was made by the "decisionmaker" that is the landlord in this context, and the remark may be viewed as discriminatory by a reasonable juror, the context of the solitary remark was removed from the decision-making process.

"[E]ven [recognizing] the [NYCHRL]'s uniquely broad and remedial purposes [t]he [stray remark] doctrine is not inconsistent with the intentions of the law, since statements constitute evidence of discriminatory motivation when a plaintiff demonstrates that a nexus exists between the allegedly discriminatory statements and" the adverse outcome (*id*. at 494-95; *see also Favourite v 55 Halley St., Inc.*, 381 F Supp 3d 266 [SDNY 2019] [comment by cooperative board member that super was "big, black and scary", insufficient evidence of inference of housing discrimination against Black tenant]; *see also Sherman v Town of Chester*, 752 F3d 554 [2d Cir 2014] [developer's allegations that citizens at a town board meeting

---

[2] While most of the case-law involving the "stray remark" doctrine are in the context of employment discrimination, considering that the factors to assert a *prima facie* employment and housing discrimination claims are similar the analysis is useful in determining whether plaintiff has asserted a claim here.

**151526/2024   ZADOK, DAVID vs. LOMNER, JACOB ET AL**                          **Page 6 of 10**
  **Motion No.  001**

6 of 10

expressed fear that town would become a "Hassidic Village", and that a model home was vandalized with a spray painted swastika, insufficient to sustain discrimination claims]).

Accordingly, the housing discrimination claim will be dismissed as plaintiff has failed to allege facts that gives rise to an inference of discrimination.

*b. Assault and Battery*

"A civil assault is an intentional placing of another person in fear of imminent harmful or offensive contact; civil battery is an intentional wrongful physical contact with another person without consent" (*Charkhy v Altman*, 252 AD2d 413, 414 [1st Dept 1998]). Here, plaintiff alleges two incidents, one when defendant, Jacob threatened him with a knife as described above (NYSCEF Doc No 1 ¶ 36); and a second incident when defendant, Randi shoved him and took his phone (*id*. at ¶¶ 60 – 68). Accepting the facts alleged in the complaint as true, plaintiff has sufficiently plead claims for assault and battery and they will not be dismissed.

*c. False Imprisonment*

"In an action for false imprisonment, four elements must be established: (1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged" (*Ostrover v City of New York*, 192 AD2d 115, 117 [1st Dept 1993]).

Here, plaintiff alleges that defendants purposefully changed the code on an exterior door leading to his unit thereby preventing him from being able to exit his apartment (NYSCEF Doc No 1 ¶ 40 – 43). Plaintiff further alleges that when he asked defendants for help releasing the door they refused, keeping him confined for several hours (*id*. at 44 – 51). Accepting the facts alleged in the complaint as true, plaintiff has sufficiently plead a claim for false imprisonment and it will not be dismissed.

**151526/2024   ZADOK, DAVID vs. LOMNER, JACOB ET AL**
  **Motion No.  001**

**Page 7 of 10**

### d. *Intentional Infliction of Emotional Distress*

To establish a claim for Intentional Infliction of Emotional Distress ("IIED"), the following four elements must be alleged: (1) extreme and outrageous conduct; (2) intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (3) a causal connection between the conduct and injury; and (4) severe emotional distress (*Howell v New York Post Co., Inc.*, 81 NY2d 115, 121 [1993]). It is axiomatic that "no IIED claim lies when the offensive conduct is embraced by a traditional tort" (*Brown v Riverside Church in City of New York*, 231 AD3d 104, 110 [1st Dept 2024]).

Here, the facts alleged in the complaint in support of plaintiff's IIED claim are identical to those that are embraced by the other torts alleged. Accordingly, the IIED claim will be dismissed.

### e. *Trespass to Chattels*

"For a cause of action for trespass to chattels, plaintiff [is] required to establish that defendants intentionally, and without justification or consent, physically interfered with the use and enjoyment of personal property in [plaintiff's] possession" (*Jackie's Enterprises, Inc. v Belleville*, 165 AD3d 1567, 1572 [3d Dept 2018]). "Liability for trespass to chattels will be imposed only if the interference results in harm to the physical condition, quality or value of the chattel or if the owner is deprived of use of the chattel for a substantial time" (*id.*).

Here, plaintiff alleges that defendants broke into his home and took his personal property including cash, documents and his computer (NYSCEF Doc No 1 ¶ 29). Plaintiff alleges that he never recovered the property that defendants took from him (*id.* at ¶¶ 99-100). Accepting the facts alleged in the complaint as true, plaintiff has sufficiently plead a claim for trespass to chattels and it will not be dismissed.

**151526/2024   ZADOK, DAVID vs. LOMNER, JACOB ET AL**
**Motion No.  001**

**Page 8 of 10**

8 of 10

Accordingly, it is,

ORDERED that the motion to dismiss is granted to the extent that the first and fifth causes of action, for Housing Discrimination under the New York City Human Rights Law, and Intentional Infliction of Emotional Distress respectively are dismissed; and it is further

ORDERED that the motion is otherwise denied; and it is further

ORDERED that defendant is directed to serve an answer to the complaint within 20 days after service of a copy of this order with notice of entry; and it is further

ORDERED that the parties are directed to appear for a preliminary discovery conference in Room 1021, 111 Centre Street, New York, New York, on April 10, 2025, at 9:30 AM.

20250303124104PGOETZ28D4B980D4754DEBA695FA7D271713BF

| | |
|---|---|
| **3/3/2025** | |
| **DATE** | **PAUL A. GOETZ, J.S.C.** |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION |
|---|---|---|
| | ☐ GRANTED ☐ DENIED | ☒ GRANTED IN PART ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT ☐ REFERENCE |

**151526/2024   ZADOK, DAVID vs. LOMNER, JACOB ET AL**
**Motion No.  001**

Page 9 of 10

9 of 10