■ DENISE HANFORD, Appellant, v PLAZA PACKAGING CORP. et al., Respondents, et al., Defendant. [727 NYS2d 407] —Order, Supreme Court, Bronx County (Kenneth Thompson, Jr., J.), entered November 16, 1999, which, *inter alia*, granted the motion of defendants-respondents Plaza Packaging Corp., the estate of Douglas Zimmerman, and Michael Albert for summary judgment dismissing the complaint, unanimously modified, on the law, to reinstate the fourth cause of action against defendants Plaza and Zimmerman, and otherwise affirmed, without costs.

Plaintiff Hanford received Workers' Compensation benefits as a result of an attempted videotaping of her by defendant Landowne while she was in the company locker room. She then brought a suit against her employer, and various officers of the company, alleging, *inter alia*, violations of the State Human Rights Law (Executive Law § 290 *et seq.*), for creation of a hostile work environment. The substance of the fourth cause of action was that Zimmerman, an officer of the company, had subjected her to a hostile work environment by directing inappropriate sexual remarks and jokes toward her, and making demands upon her for sexual relations in exchange for forgiving a loan.

The IAS court granted defendants' motion for summary judgment, finding that the award of Workers' Compensation benefits barred any similar claims by plaintiff against her employers. We modify this determination because plaintiff's award of Workers' Compensation benefits resulted solely from the attempted videotaping by Landowne, and did not implicate at all the alleged, intentional activities of Zimmerman. Thus, a separate cause of action for the creation of a hostile work

environment under Executive Law § 296 is not precluded by plaintiff's recovery of compensation benefits. Summary judgment dismissing the fourth cause of action is not otherwise warranted since plaintiff's deposition testimony raises material questions of fact respecting Zimmerman's conduct.

Although the IAS court did not address Hanford's cross motion to amend the complaint to assert a cause of action under the New York City Human Rights Law, it implicitly denied the cross motion when it dismissed the complaint as barred in its entirety by the exclusivity provisions of the Workers' Compensation Law. Although we find that plaintiff's receipt of a Workers' Compensation award does not bar her complaint in its entirety, and, accordingly, that her cross motion to amend may not be denied upon that ground, the motion should nonetheless be denied. While leave to amend is freely given in the absence of prejudice, here, plaintiff has failed to assert the claims she would now add either in her prior, jurisdictionally defective Federal action premised on the same conduct by defendants, or, until the eleventh hour, in this action. Only when defendants moved for summary judgment in this proceeding did she seek to amend the complaint. Plaintiff has offered no excuse for her long delay in seeking the amendment. Indeed, she has not asserted, and apparently can make no assertion, that the proposed cause of action was not discoverable at the time the original complaint was served (*see, Konrad v 136 E. 64th St. Corp.*, 246 AD2d 324). Under the circumstances, the exercise of discretion to permit amendment is not warranted. Concur—Rosenberger, J. P., Williams, Wallach, Lerner and Friedman, JJ.