■ INWOOD TOWER INC., Plaintiff, v FIREMAN'S FUND INSURANCE COMPANY, Defendant. (And Third-Party Actions.) INWOOD TOWER INC., Respondent, v SUMMIT WATERPROOFING & RESTORATION CORP., Appellant. [735 NYS2d 762] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered March 31, 2000, to the extent it denied appellant's cross motion to amend its pleadings to assert a certain counterclaim, unanimously affirmed; appeal from that part of said order which denied appellant's motion for reargument and/or renewal, unanimously dismissed, all with costs.

This court's dismissal of appellant's appeal from the order entered October 21, 1999 for failure to prosecute precludes consideration of appellant's present appeal from the order entered March 31, 2000, insofar as such order denied reargument and/or renewal, since the issues appellant seeks to raise on its appeal from the portion of the March 31, 2000 order denying reargument and renewal are the same issues that would have been raised had it perfected its appeal from the order of October 21, 1999 (*see*, *Rubeo v National Grange Mut. Ins. Co.*, 93 NY2d 750, 754; *Bray v Cox*, 38 NY2d 350, 353). In any event, the denial of reargument is not appealable (*see*, *Lichtman v Mount Judah Cemetery*, 269 AD2d 319, 320, *lv denied in part and dismissed in part* 95 NY2d 860), and, to the extent that the appellant also purportedly sought renewal, it is clear that no new or previously unavailable facts were alleged to support that application and that the motion was actually one for reargument only (*see*, *Toribio v J.D. Posillico, Inc.*, 268 AD2d 394, 395).

As for the appellant's belated request to amend the amount of damages being claimed, as well as the theory underlying its claim for such damages, while leave to amend is, in the absence of prejudice or surprise to the opposing party, generally freely

given, in view of appellant's utter failure to offer a reasonable excuse for its long delay in seeking amendment, the denial of its motion to amend constituted a proper exercise of discretion (*see, Hanford v Plaza Packaging Corp.*, 284 AD2d 179, 180; *Konrad v 136 E. 64th St. Corp.*, 246 AD2d 324, 325; *Cseh v New York City Tr. Auth.*, 240 AD2d 270, 272). Concur—Tom, J.P., Mazzarelli, Andrias, Ellerin and Marlow, JJ.