■ Kujtim Kelmendi, Respondent, v 157 Hudson Street, LLC, Appellant. [27 NYS3d 532]—

Order, Supreme Court, Bronx County (Julia Rodriguez, J.), entered July 15, 2014, which, to the extent appealed from, denied defendant's motion for summary judgment dismissing the Labor Law § 241 (6) claim, unanimously affirmed, without costs.

Plaintiff was cutting a metal bar on the roof of defendant's building when a saw blade broke off a hand-held power saw and a piece of it struck him in the neck. The two-foot-long electric saw, identified as a reciprocating saw, had a six-to-eight-inch long blade that was placed into the front end or head of the saw, which moved back and forth when in use. There was no guard over the blade. Plaintiff's Labor Law § 241 (6) claim is predicated upon a violation of Industrial Code (12 NYCRR) § 23-1.12 (c) (1), which provides that "[e]very portable, power-driven, hand-operated saw which is not provided with a saw table, except chain saws and circular brush saws, shall be equipped with a fixed guard *above the base plate . . .* and with a movable self-adjusting guard below the base plate" (emphasis added). Defendant argues that while, on its face, the saw would seem to be covered by section 23-1.12, the photograph of the saw shows that no guard could be affixed above or below the base plate, because there is no base plate on that type of saw. Defendant further argues that plaintiff's own deposition testimony established that a reciprocating saw does not require guarding, since there is no place where a guard could be located.

We agree with the motion court that defendant failed to satisfy its burden of establishing that section 23-1.12 (c) does not apply to this case. "[T]o support a claim under [Labor Law § ] 241 (6) . . . the particular [Industrial Code] provision relied upon by a plaintiff must mandate compliance with concrete specifications and not simply declare general safety standards or reiterate common-law principles" (*Misicki v Caradonna*, 12 NY3d 511, 515 [2009]). "The interpretation of an Industrial Code regulation and determination as to whether a particular condition is within the scope of the regulation present questions of law for the court" (*Messina v City of New York*, 300 AD2d 121, 123 [1st Dept 2002]).

Industrial Code § 23-1.12 (c) (1) is sufficiently specific to support a Labor Law § 241 (6) claim and is applicable because plaintiff was using a "power-driven, hand-operated saw" at the time of his accident. Defendant sought to use plaintiff's deposition testimony that he had never seen a blade cover or guard on that type of saw as expert testimony to establish that the

reciprocating saw plaintiff was given was not covered by the Industrial Code provision in question (*see Hofmann v Toys "R" Us, NY Ltd. Partnership*, 272 AD2d 296, 296 [2d Dept 2000] ["To establish the reliability of an expert's opinion, the party offering that opinion must demonstrate that the expert possesses the requisite skill, training, education, knowledge, or experience to render the opinion"]). Defendant, however, cannot avoid its duty to comply with section 23-1.12 (c) (1) by asserting that the saw used by plaintiff had no base plate and could not accommodate a self adjusting guard. Section 23-1.12 (c) (1) obligated defendant to ensure that the "power-driven, hand-operated saw" provided to plaintiff to perform his job was secured with guard plates to cover the saw blade. As the motion court observed, "To interpret the regulation in any other manner . . . would be to ineffectualize the regulation because employers, owners and contractors would only use tools that would minimize their liability." Accordingly, we find that Industrial Code (12 NYCRR) § 23-1.12 (c) (1) is applicable to this case as a matter of law. Concur—Mazzarelli, J.P., Acosta, Andrias and Richter, JJ.