■ TADEUSZ PRUSZKO, Respondent, v PINE HOLLOW COUNTRY CLUB, INC., Appellant, and CIRCLE ROSE CONTRACTING, INC., Respondent. [52 NYS3d 442]—

In a consolidated action to recover damages for personal injuries, the defendant Circle Rose Contracting, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Bayne, J.), dated February 18, 2015, as denied that branch of its motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6) insofar as asserted against it, and the defendant Pine Hollow Country Club, Inc., cross-appeals from so much of the same order as denied that branch of its motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6) insofar as asserted against it.

Ordered that the order is reversed insofar as appealed and cross-appealed from, on the law, with one bill of costs, and those branches of the defendants' separate motions which were for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241 (6) insofar as asserted against each of them are granted.

The plaintiff allegedly was injured while riding on the platform of a pickup truck. On the date of the accident, the plaintiff was performing demolition work on the property of the defendant Pine Hollow Country Club, Inc. The defendant Circle Rose Contracting, Inc., was the general contractor on the project. Specifically, the plaintiff had been tasked with loading tiles and concrete into plastic containers, which were then placed on the platform of a pickup truck. The plaintiff's foreman then drove the truck a short distance to a nearby dumpster. At the foreman's direction, the plaintiff rode on the back of the truck, with the tailgate closed, to ensure that the containers remained in place. The accident occurred as the truck was returning with the empty containers. When the rear wheel of the truck came in contact with a retaining wall, the truck came to a sudden stop, and the plaintiff hit his left knee and fell to the bed of the truck.

Insofar as relevant to this appeal and cross appeal, the plaintiff asserted a cause of action pursuant to Labor Law § 241 (6) predicated on an alleged violation of section 23-9.7 (e) of the Industrial Code (12 NYCRR 23-9.7 [e]), which reads as follows: "Riding. No person shall be suffered or permitted to ride on running boards, fenders or elsewhere on a truck or similar vehicle except where a properly constructed and installed seat or platform is provided." The defendants separately moved, inter alia, for summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as asserted against each of them, arguing that the platform of a pickup truck is a "properly

constructed and installed . . . platform" within the meaning of section 23-9.7 (e). The Supreme Court denied those branches of the motions.

"The interpretation of an Industrial Code regulation presents a question of law for the court" (*Penta v Related Cos.*, 286 AD2d 674, 675 [2001]; *see Kelmendi v 157 Hudson St., LLC*, 137 AD3d 567, 568 [2016]). Moreover, in interpreting a regulation, this Court must assume that the promulgating agency " 'did not deliberately place a phrase in the [regulation] which was intended to serve no purpose . . . and each word must be read and given a distinct and consistent meaning' " (*Matter of Rodriguez v Perales*, 86 NY2d 361, 366 [1995], quoting *Matter of Smathers*, 309 NY 487, 495 [1956]).

Guided by the above principles, the word "platform" as used in subdivision (e) of section 23-9.7 must reasonably be read to include the platform of a pickup truck. While such a platform is normally intended for transporting cargo, the Vehicle and Traffic Law contemplates that it may also be used, without restriction, to carry people over distances of less than five miles (*see* Vehicle and Traffic Law § 1222). Thus, it is reasonable to interpret section 23-9.7 (e) as excluding from its scope an activity that is not prohibited by Vehicle and Traffic Law § 1222.

Therefore, under the facts presented, the defendants established, prima facie, that the plaintiff could not establish a violation of section 23-9.7 (e) of the Industrial Code. In opposition, the plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Accordingly, the Supreme Court erred in denying those branches of the defendants' separate motions which were for summary judgment dismissing the Labor Law § 241 (6) cause of action insofar as asserted against each of them.

In light of our determination, we need not reach the defendants' remaining contention. Rivera, J.P., Dillon, Chambers and Hinds-Radix, JJ., concur.