Sutton Apts. Corp. v Bradhurst 100 Dev. LLC (2018 NY Slip Op 02563)





Sutton Apts. Corp. v Bradhurst 100 Dev. LLC


2018 NY Slip Op 02563


Decided on April 12, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 12, 2018

Sweeny, J.P., Richter, Andrias, Webber, Moulton, JJ.


6276N 104289/10 590665/13 590287/14

[*1] Sutton Apartments Corporation, et al., Plaintiffs-Appellants,
v
Bradhurst 100 Development LLC, et al., Defendants-Respondents, Magnusson Architecture and Planning PC, et al., Defendants.
Bradhurst 100 Development LLC, Third-Party Plaintiff-Respondent,
v
Magnusson Architecture and Planning PC, Third-Party Defendant.
West Manor Construction Corp., Second Third-Party Plaintiff-Respondent,
Larino Masonry Inc., et al., Second Third-Party Defendants, Capital Interiors Construction Corp., Second Third-Party Defendant-Respondent.


Bailey Duquette P.C., New York (David I. Greenberger of counsel), for appellants.
Silverman Shin & Byrne, New York (Andrew V. Achiron of counsel), for Bradhurst 100 Development LLC, respondent.
McElroy, Deutsch, Mulvaney & Carpenter, LLP, New York (John P. Cookson of counsel), for West Manor Construction Corp., respondent.
Ahmuty, Demers & McManus, Albertson (Nicholas M. Cardascia of counsel), for Capital Interiors Construction Corp., respondent.



Order, Supreme Court, New York County (Joan M. Kenney, J.), entered March 30, 2017, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion pursuant to CPLR 1003 and 3025 seeking leave to join additional parties as plaintiffs and to serve an amended complaint, unanimously affirmed, without costs.
We review the order for abuse of discretion (see Heller v Louis Provenzano, Inc., 303 AD2d 20 [1st Dept 2003]), and find plaintiffs present no grounds to disturb the order on appeal. We
disagree with plaintiffs' characterization of the motion as a mere effort to cure "standing issues," where plaintiffs do not show that the claims against defendant Bradhurst 100 Development LLC [*2](Bradhurst) as to the non-common areas in the building had been previously dismissed on grounds of lack of standing (see e.g. Sutton Apts. Corp. v Bradhurst 100 Dev. LLC, 107 AD3d 646, 647-648 [1st Dept 2013]; Sutton Apts. Corp. v Bradhurst 100 Dev. LLC, 127 AD3d 603 [1st Dept 2015]).
Instead, we view the motion as plaintiffs' effort to reinstate previously-dismissed claims, which is not a proper use of a motion to amend (see Kassover v PVP-GCC Holdingco. II, LLC, 73 AD3d 626, 629 [1st Dept 2010], lv dismissed 15 NY3d 821 [2010]). Defendant Bradhurst was entitled to assume that claims against it concerning the building's non-common areas were resolved years ago, and re-introduction of those claims now would be prejudicial (see B.B.C.F.D., S.A. v Bank Julius Baer & Co., Ltd., 62 AD3d 425 [1st Dept 2009], lv dismissed 13 NY3d 933 [2010]). Moreover, as there were, at the time of the motion to amend, no viable claims against Bradhurst as to the non-common areas of the building, the relation back doctrine cannot salvage plaintiffs' proposed time-barred claims (see Southern Wine & Spirits of Am., Inc. v Impact Envtl. Eng'g, PLLC, 80 AD3d 505 [1st Dept 2011]).
Denial of the motion was also proper as concerns defendant West Manor Construction Corp. To the extent the claim against West Manor already encompasses claims arising from non-common areas of the building, the proposed amendment serves no apparent purpose other than to vastly inflate the costs and extend the delays that will inevitably ensue upon the addition of 98 new parties. In any case, the motion was also appropriately denied in light of plaintiffs' long delay, which they do not adequately explain, and which occurred notwithstanding that the facts and issues that underlie the proposed amendments were known to them from the outset of the case (see Inwood Tower v Fireman's Fund Ins. Co., 290 AD2d 252, 252 [1st Dept 2002]).
We have considered plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 12, 2018
CLERK