Bradford v Chowdhury (2020 NY Slip Op 02738)





Bradford v Chowdhury


2020 NY Slip Op 02738


Decided on May 7, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 7, 2020

Manzanet-Daniels, J.P., Mazzarelli, Gesmer, Moulton, JJ.


150906/13 11465A 11465

[*1] Ashley Bradford, Plaintiff-Respondent,
v
Shah Chowdhury, et al., Defendants-Appellants.


Marjorie E. Bornes, Brooklyn, for appellants.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for respondent.



Judgment, Supreme Court, New York County (Verna L. Saunders, J.), entered July 30, 2019, which, upon a jury verdict, awarded plaintiff damages on her personal injury claim against defendants, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about June 18, 2019, which denied defendants' motion to amend their answer to assert a set-off defense, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Plaintiff commenced this action, arising from a motor vehicle accident, against defendants, who owned and operated the taxi in which she was a passenger, and two other individuals, who owned and operated the second vehicle involved in the accident. Plaintiff settled with the other individuals, and proceeded to trial against defendants four years later. Although defendants were informed of the settlement and received copies of the settlement documents, they did not seek to amend their answer to assert the affirmative defense of a setoff under General Obligations Law § 15-108(a), until after the jury returned a verdict in plaintiff's favor. If the setoff defense applied, plaintiff would have recovered no damages from defendants.
The court providently denied defendants' motion based on their unexcused delay in making their motion, which prejudiced plaintiff by causing her to expend significant time and expense in preparing for trial under the belief that defendants would not seek an offset. Such preparation, as well as plaintiff's approach to settlement discussions with defendants, may have been altered if plaintiff was aware of defendants' intent to assert an off-set defense (see Oakes v Patel, 20 NY3d 633, 646-647 [2013];Inwood Tower v Summit Waterproofing & Restoration Corp., 290 AD2d 252, 252-253 [1st Dept 2002]; Hanford v Plaza Packaging Corp., 284 AD2d 179, 180 [1st Dept 2001]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 7, 2020
CLERK