Alvarado v SC 142 W. 24 LLC (2022 NY Slip Op 05584)

Alvarado v SC 142 W. 24 LLC

2022 NY Slip Op 05584

Decided on October 06, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 06, 2022

Before: Renwick, J.P., Oing, González, Mendez, Shulman, JJ. 

Index No. 156474/19 595751/19 595711/20 Appeal No. 16362 Case No. 2022-00660 

[*1]Angel Alvarado, Plaintiff-Respondent,
v
SC 142 West 24 LLC, et al., Defendants-Appellants-Respondents.
SC 142 West 24 LLC, et al., Third-Party Plaintiffs-Appellants-Respondents,
v
Sky Materials, Inc., Third-Party Defendant-Respondent-Appellant.
SC 142 West 24 LLC, et al., Second Third-Party Plaintiffs-Appellants-Respondents,
v
Reliance Safety Consulting, LLC, Second Third-Party Defendant.

Bartlett LLP, Central Islip (Matthew J. Minero of counsel), for appellants-respondents.
Fuchs Rosenzweig, PLLC, New York (Mehreen Hayat of counsel), for respondent-appellant.
Chirico Law PLLC, Brooklyn (Vincent Chirico of counsel), for respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J.), entered on or about January 7, 2022, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment on his Labor Law § 241(6) claim and denied defendants' cross motion for summary judgment dismissing plaintiff's claims and on their third-party contractual indemnification claim against third-party defendant subcontractor (Sky Materials), unanimously modified, on the law, to deny plaintiff's motion and grant defendants' cross motion to the extent of dismissing plaintiff's Labor Law §§ 240(1) and 241(6) claims and conditionally granting defendants contractual indemnification against Sky Materials, and otherwise affirmed, without costs.
Plaintiff is not entitled to relief under Labor Law § 241(6) for the alleged violation of Industrial Code § 23-1.7(d), since the "excavation pit" where he slipped and fell, "which at that time was no more than a big hole in the ground with an unfinished muddy bottom[,] ... was not the type of flooring or passageway contemplated by" the Industrial Code (Mitchell v New York Univ., 12 AD3d 200, 201 [1st Dept 2004]; see 12 NYCRR 23-1.7[d]; see also Carrera v Westchester Triangle Hous. Dev. Fund Corp., 116 AD3d 585, 585-586 [1st Dept 2014]). Contrary to plaintiff's contention, his "accident did not occur on a floor, platform, passageway or similar work area or surface within the purview of [section 23-1.7(d)], but rather on muddy ground in an open area exposed to the elements" (O'Gara v Humphreys & Harding, 282 AD2d 209, 209 [1st Dept 2001]). There was no testimony tending to establish that he was walking along a walkway or path that "workers generally took" (Potenzo v City of New York, 189 AD3d 705, 706 [1st Dept 2020]). The other Industrial Code provisions referenced in plaintiff's bill of particulars either provide only general safety standards or are inapplicable, and plaintiff does not argue to the contrary. As such, summary judgment should have been granted to defendants dismissing the Labor Law § 241(6) claim.
Summary judgment also should have been granted to defendants dismissing plaintiff's Labor Law § 240(1) claim, because there was no elevation-related risk involved with his carrying a tank on his shoulder while he walked along the ground (see Carrera, 116 AD3d at 585). Plaintiff does not contend otherwise.
On the other hand, summary judgment to defendants was properly denied as to the negligence and Labor Law § 200 claims, since there are triable issues of fact as to whether defendants had constructive notice of a dangerous condition of the premises prior to plaintiff's accident (see generally Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]; Urban v No. 5 Times Sq. Dev., LLC, 62 AD3d 553, 555 [1st Dept 2009]). The evidence shows that Sky Materials, plaintiff's employer, performed no work the day before the accident due to heavy rain, and defendant contractor Omnibuild's project [*2]manager testified that Sky's water removal operations on the day of the accident could have been due to the rain the previous day.
Summary judgment to defendants for all claims as to defendant McSam Hotel Group, LLC (McSam) was also properly denied, as defendants proffered no "evidence to demonstrate the absence of a material issue of fact" on their assertion that McSam was not an owner, general contractor, or statutory agent (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Moreover, Omnibuild's project manager testified that McSam was the original owner for which a pre-construction report was produced.
Furthermore, summary judgment to defendants on their third-party contractual indemnification claim against Sky Materials should have been granted since the indemnification provision of the subcontract only requires that the accident arise out of Sky Materials' work (see Urbina v 26 Ct. St. Assoc., LLC, 46 AD3d 268, 271 [1st Dept 2007]). Although broad, the indemnity provision in the contract between Omnibuild and Sky Materials does not run afoul of General Obligations Law § 5—322.1 because it contemplates indemnification to the "fullest extent of the law," which does not seek indemnification for defendants' own negligence (see Brooks v Judlau Contr., Inc., 11 NY3d 204, 210 [2008]). The extent to which the defendants are entitled to indemnification from Sky Materials will depend on the extent to which the defendants' negligence is determined to have contributed to plaintiff's accident.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 6, 2022