Guaman v 240 W. 44th St. Two LLC. (2025 NY Slip Op 07223)

Guaman v 240 W. 44th St. Two LLC.

2025 NY Slip Op 07223

Decided on December 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 23, 2025

Before: Kennedy, J.P. SEQ CHAPTER \h \r 1, Kapnick, Rodriguez, Michael, Hagler, JJ. 

Index No. 157343/18, 595130/19|Appeal No. 5440-5441|Case No. 2024-05104, 2025-02749|

[*1]Jose Saul Guaman Guaman, Plaintiff- Respondent,
v240 West 44th Street Two LLC., et al., Defendant-Appellants, Ground Force Construction LTD., Defendant-Respondent.
Ground Force Construction LTD., Third-Party Plaintiff-Respondent,
vLough Allen Masonry Inc., Third-Party Defendant-Respondent.

Litchfield Cavo LLP, New York (Rosanna Vargas of counsel), for appellants.
William Schwitzer & Associates, P.C., New York (Travis K. Wong of counsel), for Jose Saul Guaman Guaman, respondent.
Conway, Farrell, Curtin & Kelly, P.C., New York (Emily Ashman of counsel), for Ground Force Construction Ltd., respondent.
London Fischer LLP, New York (Josie Marie Conelley of counsel), for Lough Allen Masonry Inc., respondent.

Order, Supreme Court, New York County, (Paul Goetz, J.), entered on or about July 5, 2024, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment on his Labor Law § 241(6) claim against defendants 240 West 44th Street Two LLC (240 West) and Yorke Construction Corporation (Yorke), denied the motion of 240 West and Yorke for summary judgment dismissing plaintiff's complaint, and denied the motion of 240 West, Yorke, Ideal Interiors Group LLC, and Ideal Interiors Inc. (collectively, appellants) for leave to amend their pleadings to assert a cross-claim for contractual indemnification against Lough Allen Masonry, Inc. (Lough Allen), unanimously affirmed, without costs.
Order, same court and Justice, entered February 26, 2025, which granted appellants' motion seeking leave to reargue, and upon reargument, adhered to its prior July 5, 2024 order denying appellants' cross-motion for summary judgment on its cross-claim for contractual indemnity against Ground Force Construction LTD. (Ground Force) and granting Ground Force's motion for summary judgment dismissing that claim, unanimously modified, on the law, without costs, to deny Ground Force's motion and reinstate appellants' cross-claim for contractual indemnity as against Ground Force, and otherwise affirmed, without costs.
Supreme Court properly granted plaintiff's motion for summary judgment on his Labor Law § 241(6) claim. Plaintiff made a prima facie showing that 240 West and Yorke violated Industrial Code §§ 23-1.12(c)(1) and 23-9.2(a) where the saw he was using "jumped back" and its guard failed to retract, causing serious lacerations to his wrist (see Kelmendi v 157 Hudson St., LLC, 137 AD3d 567, 569 [1st Dept 2016]; Becerra v Promenade Apts. Inc., 126 AD3d 557, 558 [1st Dept 2015]; Ortega-Estrada v 215-219 W. 145th St. LLC, 118 AD3d 614, 615 [1st Dept 2014]). 240 West and Yorke failed to rebut this showing, and there is no evidence of what happened to the saw after the accident (cf. Kruk v City of New York, 112 AD3d 518, 519 [1st Dept 2013]). Plaintiff cannot be the sole proximate cause of his accident where he was merely working with the tools provided to him (see DaSilva v Toll GC LLC, 224 AD3d 540, 541 [1st Dept 2024]).
Supreme Court also correctly denied appellants' cross-motion seeking to amend their answer to assert cross-claims against third-party defendant Lough Allen. The cross-motion was made after discovery ended and in response to dispositive motions. The purported contract at issue was exchanged years prior, and appellants offered no excuse for the delay in seeking the amendment (see Inwood Tower v Summit Waterproofing & Restoration Corp., 290 AD2d 252, 252-253 [1st Dept 2002]; Vega v Lenox Hill Hosp., 235 AD2d 302, 302 [1st Dept 1997]).
The court erred, however, in dismissing appellants' contractual indemnity cross-claim against Ground Force. Ground Force failed to carry its prima facie burden to demonstrate entitlement to dismissal of the cross-claim as a matter of law (see e.g. Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012]). As for the relevant contract, the subject indemnity clause broadly provides that Ground Force shall indemnify appellants "to the fullest extent permitted by law" "from any and all claims . . . including attorney's fees [and] costs . . . arising out of or in connection with or as a consequence of the performance of the Work of the Subcontractor under this agreement" (see Alvarado v SC 142 W. 24 LLC, 209 AD3d 422, 424 [1st Dept 2022]; Balbuena v New York Stock Exch., Inc., 49 AD3d 374, 376 [1st Dept 2008], lv denied 14 NY3d 709 [2010]). That the court dismissed plaintiff's complaint against Ground Force does not render appellants' cross-claim against it moot, though the cross-claim should be converted to a third-party claim (see Jones v New York City Hous. Auth., 293 AD2d 371, 372 [1st Dept 2002]).
Additionally, summary judgment cannot be granted in appellants' favor as there was no testimony or affidavit authenticating the contract containing the indemnity clause. We have considered the parties' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 23, 2025