Rodriguez v RXR Glen Isle Partners LLC (2026 NY Slip Op 01144)

Rodriguez v RXR Glen Isle Partners LLC

2026 NY Slip Op 01144

Decided on February 26, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 26, 2026

Before: Kennedy, J.P., Scarpulla, Kapnick, González, Rodriguez, JJ. 

Index No. 155931/19 596051/19 595975/20|Appeal No. 5933|Case No. 2024-05442|

[*1]Kenny L. Rodriguez, Plaintiff-Respondent,
vRXR Glen Isle Partners LLC et al., Defendants-Respondents. 
Hunter Roberts Construction Group, LLC, Third-Party Plaintiff-Respondent.
vCustom Services Contracting of NY Inc., Third-Party Defendant-Appellant. RXR Glen Isle Partners LLC et al., Second Third-Party Plaintiffs-Respondents,

O'Malley & Padovani, Elmsford (Elizabeth L. Demler of counsel), for appellant.
Gordon Rees Scully Mansukhani, LLP, Harrison (Paul J. Wells of counsel), for respondents.

Order, Supreme Court, New York County (Richard G. Latin, J.), entered August 19, 2024, which, to the extent appealed from, granted the motion of defendants RXR Glen Isle Partners LLC, RXR Garvies P1 Building H Owner LLC, RXR Garvies P1 Building I Owner LLC, RXR Garvies P1 Building B Owner LLC, and Hunter Roberts Construction Group, LLC (collectively RXR-Hunter) to the extent of granting conditional summary judgment to RXR-Hunter on its claims for contractual indemnity against third-party defendant Custom Services Contracting of NY, Inc. (CSC), unanimously affirmed, without costs.
RXR-Hunter established its prima facie entitlement to conditional summary judgment on its claims for contractual indemnity against CSC. The record establishes that plaintiff's injury occurred while he was performing work for his employer, CSC. The accident therefore arose out of CSC's work, triggering its contractual obligation to indemnify RXR-Hunter pursuant to the broad performance-of-the-work clause (see Travalja v 135 W. 52nd St. Owner LLC, 232 AD3d 503, 505 [1st Dept 2024]; McKinney v Empire State Dev. Corp., 217 AD3d 574, 575 [1st Dept 2023]; Alvarado v SC 142 W. 24 LLC, 209 AD3d 422, 423 [1st Dept 2022]). In opposition to RXR-Hunter's motion, CSC failed to raise a material issue of fact. A finding of conditional indemnity was appropriate as issues of fact remain as to possible negligence on the part of RXR-Hunter and the extent to which such negligence may have contributed to the accident (see Travalja, 232 AD3d at 505; Hernandez v Argo Corp., 95 AD3d 782 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 26, 2026